This appeal involves post-judgment proceedings in a workmen's compensation case.
The appellee, Karry Fowler Holmes, is the widow of Terry A. Holmes, who was killed August 1, 1985, in an automobile accident in the line and scope of his employment with the appellant, AAA Mobile Home Movers, Inc. (AAA). The Circuit Court of Dale County approved a settlement and entered an order December 16, 1985, favorable to the widow and against AAA. No appeal was filed.
Thereafter, in July 1987, the widow, individually and as next friend of the decedent's two children, filed a wrongful death action in the Jefferson County Circuit Court against Navastar International Corporation (Navastar), alleging that Navastar, as manufacturer of the vehicle the decedent was operating, was responsible for the decedent's death. AAA intervened and filed a counterclaim and a cross-claim for reimbursement or credit pursuant to Ala. Code 1975, § 25-5-11, for monies AAA paid pursuant to the Dale County judgment. The appellee filed a motion for summary judgment as to AAA's claims, and, upon settlement of the claim against Navastar, the circuit court entered an order November 2, 1990, granting the appellee's summary judgment as to AAA's claims, and dismissing the case against Navastar, upon a compromise payment of $25,000 to the appellee herein. AAA did not pursue post-judgment remedies in the Jefferson *Page 237 
County Circuit Court and did not file an appeal.
On November 16, 1990, AAA filed, in the Circuit Court of Dale County, a petition to terminate workmen's compensation payments to the appellee or for a declaratory judgment as to AAA's further liability under the Dale County settlement order, contending, inter alia, that AAA was entitled to extinguish future obligations to the appellee or was entitled to subrogation in the Jefferson County case. Thereafter, the appellee filed a motion pursuant to Ala. Code 1975, §25-5-86, requesting the trial court to modify the prior judgment, to ascertain the present value of the remaining future obligation of AAA, and to hold AAA in contempt. After a hearing, the trial court ordered that "the parties shall ascertain the present value of the remaining future obligations of [AAA] as adjudged by this Court's prior order." The trial court expressly found that AAA was not in contempt. AAA's petition to terminate further liability or for subrogation was denied. AAA's motion for reconsideration was heard and denied. AAA filed a petition for writ of certiorari, and appealed.
This court declines to determine whether the petition for certiorari filed in this court is the proper procedure to address the issues raised in this case. We treat the matter as a direct appeal to address the issues.
The appellant raises two issues, namely: (1) whether a claim for reimbursement or credit for a recovery from a third party pursuant to Ala. Code 1975, § 25-5-11, must be presented to the court which rendered the original workmen's compensation judgment, or the court which entered the third-party judgment, and (2) whether an employer is entitled to reimbursement or credit against future liabilities when damages are recovered from a third party.
The appellee, on the other hand, contends the appellant's action in Dale County was an attempt to collaterally attack the Jefferson County Circuit Court order denying the same relief, and that the proper remedy, if any, was to appeal the Jefferson County court's order granting summary judgment. We agree.
The record is unquestionably clear that the appellant herein sought to demand a right to credit or reimbursement under Ala. Code 1975, § 25-5-11, in the Circuit Court of Jefferson County, Alabama. Rightly or wrongly, that court granted the appellee's motion for summary judgment, which denied the appellant's requested relief. The appellee is correct in asserting that the appellant's claim, under Ala. Code 1975, § 25-5-11, is inextricably tied to the claim and recovery against a third party, which was pursued and completed in the Circuit Court of Jefferson County. In fact, it could be argued that had AAA not filed its counter-claim/cross-claim, it thereafter could have been precluded on the policy that all such related disputes between parties should be settled in a single lawsuit. McGruder v. B L Construction Co.,331 So.2d 257 (Ala. 1976).
Without pursuing post-judgment remedies or an appeal, the appellant thereafter sought the identical relief from the Circuit Court of Dale County, Alabama. The elements of res judicata are: (1) prior judgment rendered by court of competent jurisdiction; (2) prior judgment rendered on the merits; (3) parties to both suits are substantially identical; and (4) same cause of action present in both suits. Ex parteMcCracken, 576 So.2d 664 (Ala. 1991); Wheeler v. FirstAlabama Bank of Birmingham, 364 So.2d 1190 (Ala. 1978).
The record in this case consists solely of the clerk's record from Dale County. The Jefferson County proceedings are included as attachments in that record. In its argument, the appellant asserts:
 "In 1986, Appellee sued Navistar International, AAA and others in the Circuit Court of Jefferson County. . . . AAA intervened as a plaintiff to protect its reimbursement rights under [§] 25-5-11(a), Code of Alabama 1975. . . . AAA's 'intervention' was involuntarily dismissed by the Jefferson County Circuit Court. AAA then filed its petitions in the Dale County Circuit Court seeking an adjudication *Page 238 
of its rights under [§] 25-5-11(a), Code of Alabama 1975."
Clearly, the Jefferson County Circuit Court, which entered the summary judgment denying the appellant's claims, was a court of competent jurisdiction. The parties are substantially identical, and the cause of action, i.e., an effort by AAA to demand a right to reimbursement or credit under Ala. Code 1975, § 25-5-11, is identical. Therefore, the final judgment from Jefferson County bars the subsequent action in Dale County.
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
The appellant's request for "expenses for this appeal" is denied.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.