ROBERTSON, Presiding Judge.
In an effort to execute on a judgment against AAA Mobile Home Movers, Inc. (AAA), Karry Fowler Holmes, widow of Terry A. Holmes and mother of two minor dependent children (Holmes), filed a process of garnishment against AmSouth Bank, N.A. (AmSouth), on May 1,1992. AmSouth filed a garnishee’s answer, stating that it held $12,-728.22 in an account belonging to AAA. Am-South subsequently forwarded this amount to the clerk of the Dale County Circuit Court. Thereafter, Holmes filed in the circuit court a motion for judgment of condemnation of these funds. On September 25, 1992, the trial court entered a judgment condemning the sum of $12,728.22 to the use of Holmes. AAA appeals.
The parties have been before this court previously. See AAA Mobile Home Movers, Inc. v. Holmes, 607 So.2d 236 (Ala.Civ.App.1992). AAA seeks to resurrect several issues conclusively settled in that earlier appeal. However, we find the only justicia-ble issue raised for our consideration in this appeal to be whether, as required by § 6-6-390, Code 1975, there existed a judgment upon which garnishment of the funds in AAA’s account could be obtained.
AAA contends that the garnishment, and subsequent condemnation, of its funds was issued in the absence of a prior judgment specifying the amount of its monetary obligation to Holmes. We disagree.
The record reveals that on December 16, 1985, following the death of Holmes’s husband in an automobile accident that occurred in the course of his employment with AAA, the Dale County Circuit Court entered an order approving a workmen’s compensation settlement between AAA and Holmes. Pursuant to that order AAA was obligated to pay Holmes and her minor children the sum of $136 per week for 428 consecutive weeks. AAA filed no appeal from that order.
When, in the fall of 1990, AAA sought to refuse and deny payment of its obligation to Holmes, created under the trial court’s 1985 order, Holmes filed a motion pursuant to § 25-5-86, Code 1975, requesting that the trial court modify the order so as to ascertain the present value of AAA’s remaining future obligation. In an order dated February 11, 1991, the trial court directed the parties to ascertain AAA’s remaining obligation under its previous order. AAA maintains that because there was no determination of the present value of its obligation to Holmes by the time the funds in its AmSouth account were garnished, the trial court erred when it later condemned these funds to the use of Holmes.
*639 AAA apparently argues that the order of February 11, 1991, supersedes any obligation created by the December 16,1985, order; however, it presents no legal authority for this position. It is undisputed that AAA discontinued its payment of benefits to Holmes in the fall of 1990, and that, even if interest due on the unpaid judgment is not accounted for, AAA had not paid Holmes in excess of $13,000 due under the 1985 order by the time the judgment of condemnation was entered in September 1992. Regardless of AAA’s contention with respect to the order of February 11, 1991, Holmes was unquestionably entitled under the 1985 order to recover from AAA each consecutive weekly payment that came due (and was unpaid) prior to the judgment of condemnation.
Because the trial court’s order of December 16, 1985, was a judgment in favor of Holmes and against AAA, from which garnishment could issue, the trial court was not in error when it condemned the funds from AAA’s account to the use of Holmes. Therefore, the trial court’s judgment is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.