SEE, Justice.
 

 Steven Greene, Mark Persall, Larry Owen, Charles Horton, James Phillips, and Cassie Bell, on behalf of themselves and all others similarly situated, appeal from a summary judgment in favor of the Jefferson County Commission and the General Retirement System for Employees of Jefferson County. We affirm.
 

 Facts and Procedural History
 

 The General Retirement System for Employees of Jefferson County (“the retirement system”) was created in 1965 by the enactment of Act No. 497, Ala. Acts 1965.
 
 [1]
 
 The retirement system requires that each employee-member contribute six percent of his or her regular gross salary to the retirement system. Employee-members are credited with one year of paid service for each year they are employed by Jefferson County and contribute their six percent to the retirement system. In return for an employee-member’s six-percent contribution to the retirement system, Jefferson County contributes six percent in matching funds. However, in order to ensure that the retirement system remains actuarially sound, the retirement system invests the contributed funds to compensate for the difference between the total contributions and the actual pension payouts.
 
 [2]
 

 At some point during the 1970s, approximately 238 Jefferson County sheriffs deputies voluntarily ceased participating in the retirement system and withdrew their contributions, with interest. Those employees who opted out of the retirement system had their years of paid service reduced to zero, although they continued to receive one year of unpaid service for each year they continued to work for Jefferson County.
 

 In June 2003, the legislature passed Act No. 2003-343, Ala. Acts 2003 (hereinafter “the Act”), allowing Jefferson County em
 
 *905
 
 ployees who had opted out of the retirement system to opt back in and to receive credit for prior periods of unpaid service rendered to Jefferson County, the Jefferson County sheriffs department, or any municipality in Jefferson County “or other jurisdiction.” The Act also allowed Jefferson County employee-members who did not opt out and who were contributing to the retirement system to convert prior periods of unpaid service to paid service.
 
 [3]
 
 In order to convert unpaid prior service to paid service, an employee-member must contribute six percent of his or her current annual salary for each year the employee-member wishes to convert. The Act then requires Jefferson County to contribute six percent in matching funds and any further contributions that are necessary to ensure that the retirement system remains actu-arially sound.
 

 Subsequent to the passage of the Act, two groups of Jefferson County employees filed separate class-action lawsuits to enforce the provisions of the Act. Sheriff Deputy Jimmy Black brought one of the class-action lawsuits against the pension board of the retirement system on behalf of other deputies who had opted out of the retirement system and who were seeking to enforce the provisions of the Act and to rejoin the retirement system. A second subclass in the first class-action lawsuit consisted of employees who had sought a hearing before a special master when Jefferson County did not allow the employees to convert unpaid service to paid service under the Act. Employee-members who had not opted out of the retirement system brought a separate lawsuit seeking to invalidate the Act. The lawsuits were eventually consolidated, and both Jefferson County and the retirement system were named as defendants (the consolidated actions are hereinafter referred to as “the Black litigation”).
 

 Judge Jerry Fielding was specially assigned to preside over the Black litigation in the Jefferson Circuit Court. Judge Fielding found that the Act was not unconstitutional on the grounds asserted, and he ordered Jefferson County and the retirement system to implement the provisions of the Act allowing nonparticipating employees to opt back into the retirement system. None of the defendants appealed Judge Fielding’s decision.
 

 In response to Judge Fielding’s order requiring Jefferson County to implement the provisions of the Act, the County passed Resolution JUN-7-2006-683 (“the resolution”). The resolution provides that eligible employees of Jefferson County who convert unpaid service to paid service under the Act forfeit any claim to retirement benefits under both the Jefferson County Retiree Health Insurance Plan and the Jefferson County Sick Leave Retirement Conversion Program.
 
 [4]
 
 Jefferson County defended the resolution as a necessary measure to preserve the economic stability of the County. The actuary for Jefferson County estimated that if all eligible employees availed themselves of the provisions of the Act, Jefferson County’s obligation to contribute matching funds and to compensate for investment earnings
 
 *906
 
 that would have been realized if the employees had been making ongoing contributions to the retirement system would cost the County $64 million. The resolution also stated that one of its express purposes is to allow Jefferson County to “fulfill its statutory financial obligations.”
 

 On June 19, 2006, the plaintiffs in the Black litigation moved for supplemental relief in the form of a preliminary injunction enjoining Jefferson County from enforcing the provisions of the resolution. The Jefferson County Commission, the pension board of the retirement system, and the retirement system challenged the motion, arguing, among other things, that the plaintiffs had failed to post an injunction bond. The plaintiffs responded by requesting that the trial court consolidate the hearing on the preliminary injunction with the trial on the permanent injunction.
 

 Judge Fielding denied the plaintiffs’ motion for supplemental relief, finding that there was no justiciable issue in the motion because the court could not enjoin the enforcement of the resolution. He held that to do so would violate Article III, § 43, Alabama Constitution 1901.
 
 [5]
 
 Judge Fielding also found that “the issues presented in the plaintiffs’ challenge to the Resolution are completely separate and involve different facts, issues, and theories than the previous action challenging [the Act].” The plaintiffs in the Black litigation did not appeal Judge Fielding’s denial of the motion for supplemental relief.
 

 On November 21, 2006, Judge Fielding certified his judgment in the Black litigation as final pursuant to Rule 54(b), Ala. R. Civ. P. The judgment specifically states that “[t]his Final Judgment entered under Ala. R. Civ. P. 54 together with the previous orders entered by this Court in these matters disposes of all claims for relief made by any party.” Neither side to the dispute in the Black litigation appealed Judge Fielding’s judgment.
 

 On May 18, 2007, Steven Greene, Mark Persall, Larry Owen, Charles Horton, James Phillips, and Cassie Bell,
 
 [6]
 
 on behalf of themselves and all others similarly situated (hereinafter “the Greene parties”), sued the Jefferson County Commission and the retirement system (collectively “the County”) in the Jefferson Circuit Court. The Greene parties sought a judgment declaring that the Jefferson County Commission, by passing the resolution, “retaliated [against] and/or administered unequal treatment” to Jefferson County employees who sought to convert unpaid service to paid service under the Act. The Greene parties also sought a permanent injunction to prevent the County from enforcing the resolution, as well as other equitable relief to eliminate the effects of the resolution. The County moved for a summary judgment, arguing (1) that the Greene parties’ claims are barred by the doctrines of res judicata and collateral es-toppel; (2) that Art. Ill, § 43, Ala. Const. 1901, prevents the trial court from hearing the Greene parties’ challenge to the resolution; (3) that Alabama law does not recognize an equal-protection challenge; and (4) that the Greene parties’ claims are due to be dismissed because the Greene parties did not present their claims to the Jeffer
 
 *907
 
 son County Commission before commencing their action and, thereby, violated § 6-5-20
 
 et seq.,
 
 Ala.Code 1975.
 
 [7]
 

 Judge Vance of the Jefferson Circuit Court entered a summary judgment in favor of the County. His order states, in its entirety:
 

 “For the reasons stated therein, the defendants’ motion for summary judgment is due to be GRANTED. Neither the named class representative nor any member of the putative class may maintain the claims raised in the complaint.”
 

 Twenty-two days later in a postjudgment motion, the Greene parties moved Judge Vance to recuse himself because, the Greene parties argued, Judge Vance and counsel for the County had violated § 12-24-2, Ala.Code 1975,
 
 [8]
 
 by failing to notify the Greene parties that counsel for the County had contributed more than $2,000 to Judge Vance’s election campaign. The Greene parties also moved the trial court for a new trial or, in the alternative, to alter, amend, or vacate the judgment or for relief from judgment. Judge Vance denied the Greene parties’ recusal motion and also denied the Greene parties’ motion for a new trial and other postjudgment relief. The Greene parties now appeal.
 

 Standard of Review
 

 “
 
 ‘We
 
 review the trial court’s grant or denial of a summary judgment motion
 
 de novo.’ Smith v. State Farm Mut. Auto. Ins. Co.,
 
 952 So.2d 342, 346 (Ala.2006) (citing
 
 Bockman v. WCH, L.L.C.,
 
 943 So.2d 789 (Ala.2006)). A summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. If the movant meets this initial burden, the burden then shifts to the nonmovant to present ‘substantial evidence’ of a genuine issue of material fact.
 
 Ex parte Alfa Mut. Gen. Ins. Co.,
 
 742 So.2d 182, 184 (Ala.1999). Substantial evidence is ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’
 
 West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989); see also § 12-21-12(d), Ala.Code 1975. In determining whether a genuine issue of material fact exists, this Court views the evidence in the light most favorable to the nonmov-ant and resolves all reasonable doubts in favor of the nonmovant.
 
 Jones v. BP Oil Co.,
 
 632 So.2d 435, 436 (Ala.1993). ‘The trial court’s ruling on a question of
 
 *908
 
 law carries no presumption of correctness, and this Court reviews de novo the trial court’s conclusion as to the appropriate legal standard to be applied.’
 
 Dunlap v. Regions Fin. Corp.,
 
 983 So.2d 374, 377 (Ala.2007) (citing
 
 Ex parte Graham,
 
 702 So.2d 1215, 1221 (Ala.1997)).”
 

 McCutchen Co. v. Media Gen., Inc.,
 
 988 So.2d 998, 1001 (Ala.2008).
 

 Analysis
 

 The Greene parties provide several reasons why, they contend, the trial court erred in entering a summary judgment in favor the County.
 
 [9]
 
 First, the Greene parties argue that the County failed to carry its summary-judgment burden because, they say, the County failed to include a narrative summary of undisputed facts as required by Rule 56(c)(1), Ala. R. Civ. P. Second, the Greene parties argue that the doctrine of res judicata does not apply in this case because, they argue, the Black litigation involved different parties and issues. The Greene parties further argue that even if the doctrine of res judicata applies in this case, the County should be judicially estopped from asserting that defense because, they say, the County’s position in the Black litigation is inconsistent with the position it asserts in this action. Finally, the Greene parties argue that this case does not implicate a separation-of-powers issue under § 43, Ala. Const.1901, because the resolution was not a valid exercise of the County’s legislative power.
 

 A.
 
 The County’s Summary-Judgment Burden
 

 A summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. If the movant meets this initial burden, the burden then shifts to the nonmovant to present “substantial evidence” of a genuine issue of material fact.
 
 Ex parte Alfa Mut. Gen. Ins. Co.,
 
 742 So.2d 182, 184 (Ala.1999). The Greene parties argue that the burden never shifted to them to present substantial evidence creating a genuine issue of material fact because, the Greene parties say, the County did not include a narrative summary of undisputed facts with its summary-judgment motion as required by Rule 56(c)(1), Ala. R. Civ.
 
 [10]
 

 
 *909
 
 However, the County argues that it did support its summary-judgment motion with a narrative summary of the undisputed facts.
 
 [11]
 
 The County’s brief in support of its summary-judgment motion contains a statement of facts with references to materials that are attached to the brief as exhibits. Those exhibits include the stipulations regarding class certification of the plaintiffs in the Black litigation, the Black plaintiffs’ motion for supplemental relief, Judge Fielding’s order denying the Black plaintiffs’ motion for supplemental relief, Judge Fielding’s final judgment, and a memorandum sent by the County to all Jefferson County employees regarding conversion of unpaid service to paid service under the terms of the resolution. The County contends that the statement of facts contained in its brief and the references to the attached exhibits satisfy the requirement of Rule 56(c) that a motion for a summary judgment include a narrative summary of undisputed facts. We agree.
 

 In
 
 Cashion v. Torbert,
 
 881 So.2d 408 (Ala.2003), this Court addressed a similar situation. In
 
 Cashion,
 
 Torbert moved for a summary judgment based upon the affirmative defense of res judicata. The summary-judgment motion provided “a detailed history relevant to the defense of res judicata, attaching numerous supporting affidavits.”
 
 Cashion,
 
 881 So.2d at 420. The supporting documents attached by Torbert included copies of “Cashion’s report of insolvency filed in the probate court; her brief filed in support of that report”; and a copy of the trial judge’s order on final settlement.
 
 Cashion,
 
 881 So.2d at 420. This Court held that Tor-bert’s “motion was adequately supported and adequately presented the undisputed issues of fact material to the defense of res judicata.”
 
 Cashion,
 
 881 So.2d at 420.
 

 In this case, as in
 
 Cashion,
 
 the County included with its motion a statement of facts relevant to the defense of res judicata and attached to its brief in support of the motion copies of relevant documents that provide the basis for the County’s assertion that this claim is barred by the doctrine of res judicata. In the narrative statement, the County refers to, and attaches a copy of, the motion for supplemental relief in the Black litigation, Judge Fielding’s order denying that motion, and stipulations regarding class certifications in the Black litigation. These documents form the basis for the County’s argument that the Greene parties’ claims are barred by the doctrine of res judicata and are cited by the County in its statement of facts in its summary-judgment motion. The County, like Torbert in
 
 Cashion,
 
 did
 
 *910
 
 provide “a detailed history relevant to the defense of res judicata, attaching numerous supporting affidavits.”
 
 Cushion,
 
 881 So.2d at 420. Therefore, we conclude that the County sufficiently complied with Rule 56(c)(1), Ala. R. Civ. P., insofar as that rule requires that a narrative summary of the undisputed facts be included with a summary-judgment motion.
 

 B.
 
 The Doctrine of Res Judicata
 

 The Greene parties contend that the doctrine of res judicata does not apply to bar their action because, they argue, the judgment in the Black litigation was not a final judgment on the merits and the Black litigation and this action are different causes of action involving different issues. The County contends that Judge Fielding’s denial of the motion for supplemental relief in the Black litigation and his final order incorporating all of his previous orders in that litigation satisfies the elements of res judicata.
 

 The elements of res judicata are “ ‘(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions.’ ”
 
 Chapman Nursing Home, Inc. v. McDonald,
 
 985 So.2d 914, 919 (Ala.2007) (quoting
 
 Equity Res. Mgmt., Inc. v. Vinson,
 
 723 So.2d 634, 636 (Ala.1998)).
 

 1. Judgment on the Merits
 

 First, we agree with the County that Judge Fielding’s denial of the motion for supplemental relief in the Black litigation is a prior judgment on the merits. In his order denying the plaintiffs’ motion for supplemental relief, Judge Fielding stated:
 

 “The Jefferson County Commission has been vested with the responsibility for maintaining a balanced budget for the County and funding and overseeing vital public services for the citizens of the County. In adopting the Resolution, the Commission did not abuse [its] vested discretion, and did not engage in fraud. This Court’s inquiry must end there, as the authority to determine the amount of appropriations necessary for the performance of government function is a legislative power, not a judicial power.
 
 In re R.B.J.,
 
 675 So.2d 457, 458 (Ala.Civ.App.1996). This Court would infringe upon the boundaries between our State’s branches of government delineated in Sec. 43 of the Alabama Constitution if it were to enjoin this Resolution. This Court also find[s] that the issues presented in Plaintiffs challenge to the Resolution are completely separate and involve different facts, issues, and theories than the previous action challenging Act 03-343. Thus, the Court finds that there is no justiciable issue involved in the Plaintiffs’ Motion for Supplemental Relief.”
 

 Judge Fielding denied the motion for supplemental relief, finding that the resolution was a discretionary legislative act by the Jefferson County Commission that implicated the Commission’s obligation to enact and maintain a balanced budget. Judge Fielding found that an injunction preventing the enforcement of the resolution would violate the separation-of-powers doctrine enshrined in § 43 of the Alabama Constitution. This was a judgment on the merits.
 

 On November 21, 2006, Judge Fielding entered his final order, which incorporated all previous orders entered by the trial court, including the order denying the motion for supplemental relief. Under Rule 4(a)(1), Ala. R.App. P.,
 
 [12]
 
 the plaintiffs
 
 *911
 
 in the Black litigation had 42 days from the date of the entry of that final judgment to appeal the denial of their motion for supplemental relief. The plaintiffs did not appeal. Therefore, that judgment became final for res judicata purposes after the time for filing an appeal had elapsed.
 
 See Omega Leasing Corp. v. Movie Gallery, Inc.,
 
 859 So.2d 421, 424 n. 1 (Ala.2003) (summarizing
 
 Faison v. Hudson,
 
 243 Va. 413, 419, 417 S.E.2d 302, 305 (1992), as “stating that ‘a judgment is not final for the purposes of
 
 res judicata ...
 
 when it is being appealed or when the time limits fixed for perfecting the appeal have not expired’ ”).
 

 The Greene parties contend, however, that Judge Fielding’s statement— that “the issues presented in Plaintiffs challenge to the Resolution are completely separate and involve different facts, issues, and theories than the previous action challenging Act 03-343. Thus, the Court finds that there is no justiciable issue involved in the Plaintiffs’ Motion for Supplemental Relief.” — makes it impossible for the order to be a final judgment on the merits. The Greene parties argue that this is so because, they argue, there can be no final judgment from a dispute that contains no justiciable issues. However, the Greene parties do not cite any authority to support this argument. “ ‘ “Where an appellant fails to cite any authority, we may affirm, for it is neither our duty nor function to perform all the legal research for an appellant.” ’ ”
 
 McCutchen Co.,
 
 988 So.2d at 1004 (quoting
 
 Henderson v. Alabama A & M Univ.,
 
 483 So.2d 392, 392 (Ala.1986), quoting in turn
 
 Gibson v. Nix,
 
 460 So.2d 1346, 1347 (Ala.Civ.App.1984)).
 

 The Greene parties also argue that Judge Fielding’s denial of the motion for supplemental relief in the Black litigation was not a final judgment on the merits because, they say, in denying that motion Judge Fielding denied the plaintiffs’ motion for a preliminary injunction. The Greene parties cite
 
 EB Investments, L.L.C. v. Atlantis Development, Inc.,
 
 930 So.2d 502, 510 (Ala.2005), in which this Court stated that the trial court’s ruling on a motion for a preliminary injunction is not a prior judgment for res judicata purposes because it is “neither a final judgment nor was it rendered on the merits” of the claims involved in the action.
 

 The County, however, responds that in denying the motion for supplemental relief, Judge Fielding was actually denying a request for a
 
 permanent
 
 injunction rather than a request for a preliminary injunction. The County points out that the plaintiffs in the Black litigation sought to convert their motion for a preliminary injunction into a motion for a permanent injunction because they failed to post a preliminary-injunction bond as required by Rule 65(c), Ala. R. Civ. P.
 
 [13]
 

 In their response to the County’s motion opposing the motion for supplemental relief, the plaintiffs in the Black litigation stated that their motion for supplemental
 
 *912
 
 relief was “due to be granted in the form of a permanent injunction.” Thus, we agree with the County that the plaintiffs in the Black litigation sought a permanent injunction and that when Judge Fielding denied the motion for supplemental relief he denied a motion for a permanent injunction. The denial of a motion for a permanent injunction can be a final judgment for res judicata purposes.
 
 See
 
 43A C.J.S.
 
 Injunctions
 
 § 356 (2004) (“[A]n interlocutory judgment granting or refusing an injunction may be res judicata with respect to the right to a permanent injunction, where the judgment on the application for a preliminary injunction was based solely on a question of law, or where the proof at the trial is substantially the same as it was at the interlocutory hearing.”). Therefore, Judge Fielding’s denial of the motion for supplemental relief was a final judgment on the merits for res judicata purposes.
 

 2. Court of Competent Jurisdiction
 

 Neither side disputes that Judge Fielding’s denial of the motion for supplemental relief .and his final judgment in the Black litigation was a decision rendered by a court of competent jurisdiction.
 
 See AAA Mobile Home Movers, Inc. v. Holmes,
 
 607 So.2d 236, 238 (Ala.Civ.App.1992) (“Clearly, the Jefferson County Circuit Court, which entered the summary judgment denying the appellant’s claims, was a court of competent jurisdiction.”).
 

 S. Substantial Identity of Parties
 

 The parties in the Black litigation are substantially identical to the parties involved in this dispute. Our caselaw requires that “there is a substantial identity of parties in the two actions.”
 
 Ex parte Ford Motor Credit Co.,
 
 772 So.2d 437, 440 (Ala.2000). Substantial identity requires that the “ ‘ “parties be identical, sometimes referred to as the mutuality of estoppel requirement.” ’ ”
 
 Stewart v. Brinley,
 
 902 So.2d 1, 10 (Ala.2004) (quoting
 
 McMillian v. Johnson,
 
 878 F.Supp. 1473, 1520 (M.D.Ala.1995)). “ ‘An exception is made to this requirement for parties in privity with a party to the prior action.’ ”
 
 Stewart,
 
 902 So.2d at 10 (quoting
 
 McMillian,
 
 878 F.Supp. at 1520) (emphasis omitted). A party is deemed to be in privity with a party to a prior action when there is “ ‘ “an identity of interest in the subject matter of litigation.” ’ ”
 
 Stewart,
 
 902 So.2d at 11 (quoting
 
 Hughes v. Martin,
 
 533 So.2d 188, 191 (Ala.1988), quoting in turn
 
 Issue Preclusion in Alabama,
 
 32 Ala. L.Rev. 500, 521 (1981)).
 

 The County argues that the Greene parties were all class members of one of the subclasses in the Black litigation. In fact, Jim Phillips, one of the Greene parties involved in this dispute, acted as a class representative in the Black litigation for the subclass that filed the motion challenging the validity of the resolution. The remaining Greene parties who were not members of that particular subclass share that same interest in the subject matter of the dispute, namely, invalidating the resolution.
 

 This Court has stated: “ ‘ “ ‘A person may be bound by a judgment even though not a party to a suit if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative.’ ” ’ ”
 
 Gonzalez, LLC v. DiVincenti,
 
 844 So.2d 1196, 1203 (Ala.2002) (quoting
 
 Green v. Wedowee Hosp.,
 
 584 So.2d 1309, 1315 (1991), quoting other cases). In the Black litigation, the subclass of Jefferson County deputies and the subclass of Jefferson County employees had an identical interest in seeking the invalidation of the resolution because, under the terms of the resolution, members of both subclasses would have been required to forfeit certain
 
 *913
 
 discretionary benefits in order to opt back into the retirement system. Therefore, the third element of res judicata is met in this case because the parties in this case are substantially identical to the parties involved in the Black litigation.
 
 [14]
 

 k- Same Cause of Action
 

 The fourth and final element of res judicata — that the same cause of action be presented in both actions — is also met in this case. “ ‘Res judicata applies not only to the
 
 exact legal theories
 
 advanced in the prior case, but to
 
 all legal theories and claims
 
 arising out of the same nucleus of operative facts.’ ”
 
 Old Republic Ins. Co. v. Lanier,
 
 790 So.2d 922, 928 (Ala.2000) (quoting
 
 Wesch v. Folsom,
 
 6 F.3d 1465, 1471 (11th Cir.1993)). Two causes of action are the same for res judicata purposes “ ‘when the same evidence is applicable in both actions.’ ”
 
 Old Republic Ins. Co.,
 
 790 So.2d at 928 (quoting
 
 Hughes v. Martin,
 
 533 So.2d 188, 191 (Ala.1988)).
 

 In this case, the Greene parties seek a judgment declaring that the sole purpose of the resolution is to punish Jefferson County employees who convert unpaid service to paid service under the Act and a permanent injunction to prevent the County from enforcing the resolution. The plaintiffs in the Black litigation who filed the motion for supplemental relief likewise sought to enjoin the County from enforcing the resolution. Because the claims in this litigation and those in the Black litigation both seek to prevent the County from enforcing the resolution, the claims in the two cases arise out of the same nucleus of operative facts. Additionally, the Greene parties, in seeking to prevent the County from enforcing the resolution, rely on the same evidence and advance many of the same arguments raised in the plaintiffs’ motion for supplemental relief in the Black litigation.
 

 The Greene parties insist that this cause of action is not the same as the cause of action in the Black litigation because, they say, Judge Fielding recognized that there was no justiciable dispute before him when he denied the motion for supplemental relief. To support this argument, the Greene parties point to the following language in Judge Fielding’s denial of the motion for supplemental relief: “This Court also find[s] that the issues presented in Plaintiffs challenge to the Resolution are completely separate and involve different facts, issues, and theories than the previous action challenging Act 03-343. Thus, the Court finds that there is no justiciable issue involved in the Plaintiffs’ Motion for Supplemental Relief.” The Greene parties argue that “a claim that is not properly before an earlier court could [not] preclude the claim being properly presented in a subsequent action.” Greene parties’ brief at 34-35. However, as we noted previously, this was an alternative holding. Judge Fielding based his denial of the motion for supplemental relief on the fact that the granting of injunc-tive relief would violate the separation-of-powers doctrine as established in § 43 of the Alabama Constitution. Therefore, we agree that the final element of res judicata is met because this cause of action is the same cause of action raised in the motion
 
 *914
 
 for supplemental relief in the Black litigation.
 

 The County has demonstrated that there was a prior final judgment on the merits in the Black litigation, that that judgment was rendered by a court of competent jurisdiction, that the parties in the Black litigation and this action are substantially identical, and that the cause of action was the same in both disputes. Thus, the four elements of res judicata are met, and the claims raised by the Greene parties are barred.
 

 C.
 
 Judicial Estoppel
 

 The Greene parties argue that even if the doctrine of res judicata would apply to prevent them from raising their claims, the County should be judicially es-topped from raising the doctrine of res judicata as an affirmative defense. For judicial estoppel to apply,
 

 “ ‘(1) “a party’s later position must be ‘clearly inconsistent’ with its earlier position”; (2) the party must have been successful in the prior proceeding so that “judicial acceptance of an inconsistent position in a later proceeding would create ‘the perception that either the first or second court was misled’ ” (quoting
 
 Edwards v. Aetna Life Ins. Co.,
 
 690 F.2d 595, 599 (6th Cir.1982)); and (3) the party seeking to assert an inconsistent position must “derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.”
 
 [New Hampshire v. Maine,]
 
 532 U.S. [742,] at 750-51, 121 S.Ct. 1808 [ (2001) ]. No requirement of a showing of privity or reliance appears in the foregoing statement of factors to consider in determining the applicability of the doctrine of judicial estoppel.’ ”
 

 Middleton v. Caterpillar Indus., Inc.,
 
 979 So.2d 53, 60-61 (Ala.2007) (quoting
 
 Ex parte First Alabama Bank,
 
 883 So.2d 1236, 1244-45 (Ala.2003), citing in turn
 
 New Hampshire v. Maine,
 
 532 U.S. 742, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)).
 

 The County raised three arguments in response to the motion for supplemental relief filed by the plaintiffs in the Black litigation. One of the arguments was that § 43 of the Alabama Constitution deprived the court of jurisdiction to entertain the plaintiffs’ motion absent a showing of fraud or abuse of discretion by the County. The second argument was that the trial court had no basis for hearing the motion, because the subject matter of the resolution — the Jefferson County Retiree Health Insurance Plan and the Jefferson County Sick Leave Retirement Conversion Program — were unrelated to the question of the validity of the Act.
 
 [15]
 
 The Greene parties argue that the first element of judicial estoppel is met here because, they say, the County has asserted inconsistent positions by successfully arguing “to the court in the Black Litigation that the issue of the Resolution’s validity was not even before the court. But, in the instant case [the County] argue[s] the issue was before the Black court and was decided in [the County’s] favor.” Greene parties’ brief at 36.
 

 The County contends that its positions were not inconsistent because, it says, it merely presented several alternative arguments to support the denial of the motion for supplemental relief. The County argues that its “current position in this proceeding that Judge Fielding issued a final judgment on the merits that § 43 [of the Alabama Constitution] bars review of the Resolution is clearly not inconsistent with
 
 *915
 
 their prior position that argued for this exact result.” County’s brief at 89.
 

 We agree with the County. Judge Fielding found that the resolution was a valid exercise of Jefferson County’s legislative power and that, in enacting the resolution, Jefferson County did not engage in fraud or abuse its discretion. The County argued for this result in the Black litigation and has maintained this position throughout this action as well. Judge Fielding’s second conclusion — that the challenge to the resolution involved different facts, issues, and theories then the challenge of the Act — was an alternative holding that was based upon the County’s alternative argument that the challenge to the resolution was not at issue in the Black litigation. The County raised alternative arguments in seeking the denial of the motion for supplemental relief in the Black litigation; however, the County has consistently maintained in both actions the position that judicial review of the resolution would violate separation-of-powers principles. The doctrine of judicial estoppel “ ‘applies to preclude a party from assuming a position in a legal proceeding inconsistent with one previously asserted.’ ”
 
 Selma Foundry & Supply Co. v. Peoples Bank & Trust Co.,
 
 598 So.2d 844, 846 (Ala.1992) (quoting
 
 Oneida Motor Freight, Inc. v. United Jersey Bank,
 
 848 F.2d 414, 419 (3d Cir.1988)).
 
 See also Astor Chauffeured Limousine Co. v. Runnfeldt Inv. Corp.,
 
 910 F.2d 1540, 1548 (7th Cir.1990) (stating that in the context of judicial es-toppel “[t]he offense is not taking inconsistent positions so much as it is
 
 tvinning,
 
 twice, on the basis of incompatible positions”). Because the County’s positions appear to be consistent throughout both the Black litigation and these proceedings, we conclude that the County is not judicially estopped from raising the affirmative defense of res judicata.
 
 [16]
 

 Conclusion
 

 We hold that the County’s summary-judgment motion was properly supported with a narrative summary of undisputed facts and that the County was entitled to summary judgment on the basis of res judicata. We also hold that the County was not judicially estopped from raising the affirmative defense of res judicata. Therefore, we affirm the trial court’s judgment.
 

 AFFIRMED.
 

 COBB, C.J., and WOODALL, STUART, SMITH, PARKER, and MURDOCK, JJ., concur.
 

 [1]
 

 . Act No. 497 provides: "Except as herein otherwise provided, every person becoming an employee of [Jefferson] County subsequent to the effective date of this Act and occupying a position subject to the civil service system applicable to the County shall become a member of the system on the date he enters the service of the County.”
 

 [2]
 

 . The pension an employee-member receives from the retirement system is tied to the number of years of "paid service” the employee-member has accumulated. This is the number of years the employee-member was employed by Jefferson County
 
 and
 
 paid into the retirement system. The years an employee works for Jefferson County but does not make contributions into the retirement system are referred to as "unpaid service."
 

 [3]
 

 . Section 2, subsection (a), of the Act provides that "[Conversion of unpaid prior service to paid service shall be limited to 20 years."
 

 [4]
 

 . Jefferson County enacted the Sick Leave Retirement Conversion Program in 1993. This program allows employees of Jefferson County to conserve their paid sick-leave benefits. A retiring employee with at least 15 years of employment with Jefferson County who has opted to save his or her sick-leave time is eligible to receive a credit whereby the retiring employee uses the accumulated sick-leave time to remain on the Jefferson County payroll as an off-duty employee until the employee’s actual retirement date.
 

 [5]
 

 . Section 43 provides: "In the government of this state, except in the instances in this Constitution hereinafter expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men.”
 

 [6]
 

 . Each of these individuals was a member of one of the several plaintiff subclasses in the Black litigation.
 

 [7]
 

 . Section 6-5-20(a), Ala.Code 1975, provides:
 

 "An action must not be commenced against a county until the claim has been presented to the county commission, disallowed or reduced by the commission and the reduction refused by the claimant.”
 

 [8]
 

 . Section 12-24-2, Ala.Code 1975, provides, in pertinent part:
 

 "If the action is assigned to ... a circuit judge who has received more than two thousand dollars ($2,000) based on the information set out in any one certifícate of disclosure, then, within 14 days after all parties have filed a certificate of disclosure, any party who has filed a certificate of disclosure setting out an amount including all amounts contributed by any person or entity designated in subsection (b), below the limit applicable to the justice or judge, or an amount above the applicable limit but less than that of any opposing party, shall file a written notice requiring recusal of the justice or judge or else such party shall be deemed to have waived such right to a recusal. Under no circumstances shall a justice or judge solicit a waiver or participate in the action in any way when the justice or judge knows that the contributions of a party or its attorney exceed the applicable limit and there has been no waiver of recusal.”
 

 [9]
 

 . In addition to the arguments addressed below, the Greene parties also argue that Judge Vance was required to recuse himself from this case pursuant to § 12-24-2(c), Ala.Code 1975. The Greene parties are precluded from seeking Judge Vance's recusal on this ground, however, because they raised this issue for the first time in their posttrial motion. Alabama courts have held: "If a party has knowledge of a judge or master's partiality and that information may support a recusal, the party may not lie in wait and raise the issue of recusal after learning the outcome of the proceeding.”
 
 Adams v. Board of Trs. of Univ. of South Alabama,
 
 676 So.2d 1326, 1328 (Ala.Civ.App.1996). Campaign contributions are a matter of public record; therefore, the Greene parties are deemed to have constructive knowledge of the alleged violation of §§ 12-24-1 and -2.
 
 See Ex parte Kenneth D. McLeod Family Ltd. P’ship XV,
 
 725 So.2d 271, 273 (Ala. 1998) (denying the plaintiff's motion for a new trial because the defendant's campaign contribution "along with all other contributions received by the trial judge in her campaign, was a matter of public record,” and therefore the plaintiff was "on notice that grounds for a recusal motion might exist”).
 
 See also Brackin v. Trimmier Law Firm,
 
 897 So.2d 207, 233-34 (Ala.2004) (Brown, J., statement of nonrecusal) (noting that "the fact that it is questionable whether §§ 12-24-1 and -2, Ala.Code 1975, which have not yet obtained ‘preclearance' from the United States Justice Department under the Voting Rights Act of 1965, are even enforceable has been well documented by this Court”).
 

 [10]
 

 . Rule 56(c)(1), Ala. R. Civ. P., provides that a motion for a summary judgment
 

 "shall be supported by a narrative summary of what the movant contends to be the
 
 *909
 
 undisputed material facts; that narrative summary may be set forth in the motion or may be attached as an exhibit. The narrative summary shall be supported by specific references to pleadings, portions of discovery materials, or affidavits and may include citations to legal authority.”
 

 [11]
 

 . The County also argues that the Greene parties have not preserved for appellate review the issue of its failure to provide a narrative summary of the undisputed facts with its summary-judgment motion because, the County says, the Greene parties did not raise this argument in the trial court. In support of this argument, the County cites
 
 Copeland v. Samford University,
 
 686 So.2d 190 (Ala.1996). In
 
 Copeland,
 
 this Court held that the Cope-lands did not preserve for appellate review the argument that Samford University's summary-judgment motion did not include a narrative summary of undisputed facts because they "made no objection on this basis at any time before the court ruled on the motion for summary judgment.” 686 So.2d at 196. Our decision in
 
 Horn
 
 v.
 
 Fadal Machining Centers, LLC,
 
 972 So.2d 63 (Ala.2007), however, calls into question whether this aspect of our holding in
 
 Copeland
 
 remains good law. We need not decide this question because we conclude that the County did include such a narrative summary.
 

 [12]
 

 . Rule 4(a)(1), Ala. R.App. P., provides, in relevant part:
 

 
 *911
 
 "Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from .... ”
 

 [13]
 

 . Rule 65(c), Ala. R. Civ. P., provides, in relevant part:
 

 "No ... preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs, damages, and reasonable attorney fees as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.”
 

 [14]
 

 . The Greene parties have also failed to comply with Rule 28(a)(10), Ala. R.App. P., because they have failed to include in their brief any mention of relevant facts or legal authority that could controvert the conclusion that the substantial-identity-of-the-parties requirement is satisfied in this case. "Rule 28(a)(10) requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party's position. If they do not, the arguments are waived.”
 
 White Sands Group, L.L.C. v. PRS II, LLC,
 
 998 So.2d 1042, 1058 (Ala.2008).
 

 [15]
 

 . The County’s third argument, that jurisdiction was not proper in the Bessemer Division of the Jefferson Circuit Court, is not at issue in the Greene parties' judicial-estoppel argument.
 

 [16]
 

 . Because we have determined that this action is barred by the doctrine of res judicata, we need not address the § 43 issue.