BOLIN, Justice.
Betty Bradberry and Inez T. Jones, as the “personal representatives of the heirs-at-law [1] and/or wrongful death beneficiaries of’ the decedents, Roland E. Bradber-ry and George D. Jones, respectively (“the plaintiffs”), appeal from summary judgments in favor of Carrier Corporation and multiple other defendants (hereinafter collectively referred to as “the defendants”) in the plaintiffs’ wrongful-death action based on their decedents’ exposure to asbestos in their work environment.

Facts and Procedural History

The plaintiffs and others sued the defendants on October 15, 2008, asserting a wrongful-death action and alleging that their decedents had died as the result of exposure to asbestos particles in their work environment at Marathon Oil Corporation and/or United States Steel Corporation between 1920 and 1990.[2] The plaintiffs alleged that the defendants were jointly and severally liable[3] for the death of their decedents through the contamination of the decedents’ work sites by (1) installing, removing, handling, designing, testing, evaluating, manufacturing, packaging, furnishing, supplying and/or selling asbestos to the work sites; (2) recommending and/or approving the use of asbestos at the work sites; (3) failing to warn of the health hazards associated with the use of asbestos; (4) failing to maintain the decedents’ work sites in a reasonably safe manner; (5) failing to adequately warn; and (6) failing to provide an adequate means of removal of the asbestos from the work sites.
On November 9, 2007, the defendants moved the trial court for a summary judgment, arguing that there was (1) insufficient evidence indicating that the decedents had been exposed to any asbestos-containing products manufactured or supplied by each defendant, (2) that the claim was barred by the applicable statute of limitations, and (3) that the claim was barred by Alabama’s common-law rule of repose.
On January 30, 2008, the plaintiffs moved the trial court to stay the proceed *978 ings until this Court issued opinions in two cases then pending before this Court involving the applicability of the rule of repose in asbestos cases.[4] The trial court granted the plaintiffs’ motion to stay the proceedings.
On July 6, 2010, approximately two-and-a-half-years after the proceeding was stayed, Presiding Judge J. Scott Vowell ordered the pending case transferred to the administrative docket where Circuit Judge Caryl Privett would manage the case through the preliminary stages of discovery, dispositive motions, and other pretrial proceedings.
On July 15, 2010, one of the defendants, Leslie Controls, Inc., filed a notice of bankruptcy in the trial court indicating that on July 12, 2010, it had petitioned for bankruptcy under Chapter 11 of the United States Bankruptcy Code and that the plaintiffs’ action against it had been automatically stayed pursuant to § 362 of the Bankruptcy Code.
On August 16, 2010, the trial court set the case for a status conference on September 9, 2010. On August 18, 2010, the trial court entered an order setting all summary-judgment motions for a hearing on October 14, 2010, and requiring all responsive materials be filed on or before September 24, 2010. On September 9, 2010, the day of the scheduled status conference, the plaintiffs filed a notice of status stating that the case was stayed pursuant to § 362 of the Bankruptcy Code. The plaintiffs argued at the status conference that the case was stayed as to all defendants pursuant to the automatic-stay provision of § 362 as the result of the filing for bankruptcy by a number of the defendants, the most recent being Leslie Controls.[5] The trial court disagreed, stating:
“Well, of course with regard to any particular defendant who is in bankruptcy, the stay would obtain. The Court is not of a mind to stay the entire action, but merely the action — the action as it relates to individual parties who are in bankruptcy. And therefore, I would request of the parties the identification of which of the individuals are — or individual parties are in bankruptcy, and at that point I would enter a separate order as to the individual parties that are in bankruptcy and stay those. It is not the Court’s intent to stay the entire proceeding, but only that as relates to the party in bankruptcy.”
The plaintiffs further contended that a defendant in bankruptcy could not be effectively severed and the automatic stay still be complied with because of considerations involving the doctrine of collateral estop-pel, discovery, and the applicable statute of limitations. The defendants argued that the Bankruptcy Code does not prohibit the plaintiffs’ right to proceed against the solvent defendants. The trial court agreed with the defendants, stating:
“That’s been this Court’s ruling in innumerable different cases. I have — I cannot tell you how many cases I’ve got pending where someone is out because of bankruptcy and the case has continued as to others. I will do as I say. I will enter a stay as to those entities *979 which are in bankruptcy, if they are so properly identified to the Court. The Court will not stay the proceedings as to the non-bankrupt defendants.”
Later in the status conference the trial court reiterated its intention to move the case forward as to the solvent defendants and the plaintiffs’ counsel acknowledged his understanding of that decision:
“[The trial court]: [T]he Court has the responsibility to manage cases and move cases, and the Court accepts that as part of her responsibility and takes it seriously.
“[The plaintiffs’ counsel]: I’ve got a clear impression that your Honor intends to move these cases forward regardless, and I’m not trying to continue to debate the issue.”
The trial court again informed the parties at the status conference that the case was set for a summary-judgment hearing on October 14, 2010.
On September 15, 2010, the trial court entered an order requiring the parties to provide it with the names of the defendants that had filed for bankruptcy so it could enter an order severing, staying the action as to, or dismissing those defendants. On September 17, 2010, the plaintiffs filed a notice of objection to the severance or dismissal of those defendants that had filed a petition for bankruptcy, arguing (1) that the plaintiffs’ action against the defendants — whether they were in bankruptcy or not — is a single cause of action that cannot be split into multiple actions; (2) that severing and staying claims against certain defendants does not eliminate the application of the doctrine of res judicata and/or collateral estoppel against both the plaintiffs and the severed defendants; (3) that the trial court should not sever from an action a defendant whose ultimate status has not yet been determined by the bankruptcy court; (4) that a sua sponte dismissal of a defendant simply because of the filing of a petition for bankruptcy is not appropriate as the plaintiffs have not agreed to dismiss their claims against that defendant; and (5) that this Court established precedent in Diaz v. Bill Vann Co. (No. 1090990, March 11, 2011), — So.3d-(Ala.2011) (table), an appeal from the Mobile Circuit Court, which this Court on June 28, 2010, stayed pending bankruptcy proceedings, for automatically staying an action as to all defendants pursuant to § 362 of the Bankruptcy Code.[6]
On September 24, 2010, the plaintiffs responded to the defendants’ motions for a summary judgment, arguing that the trial court’s order of August 18, 2010, setting the defendants’ summary-judgment motions for a hearing and requiring the plaintiffs to file substantive responses to those motions violated the automatic-stay provision of § 362 of the Bankruptcy Code. The plaintiffs further argued:
“Moreover, if the plaintiffs filed substantive responses to the pending motions, which were joined by at least one defendant currently seeking bankruptcy protection and/or are substantively identical to that defendant’s motions, they would necessarily violate the automatic stay. Therefore, the plaintiffs have elected to refrain from filing said response to avoid violating federal law and being found in contempt of the United States Bankruptcy Court.”
The plaintiffs’ response to the defendants’ motions for a summary judgment contained no evidence or argument rebutting *980 the substance of the defendants’ summary-judgment motions.
On November 4, 2010, the trial court conducted a hearing on the defendants’ summary-judgment motions.[7] The plaintiffs again argued that the case was stayed in its entirety pursuant to § 362 of the Bankruptcy Code based on the petition in bankruptcy filed by Leslie Controls. The plaintiffs contended that the trial court could not move the case forward as it pertained to the solvent defendants without violating the automatic stay unless it first severed or dismissed Leslie Controls from the action as it had suggested that it would do. However, the plaintiffs also argued that even severing or dismissing Leslie Controls from the case was inappropriate because their wrongful-death action was an indivisible claim as a matter of law and a severance would result in two separate actions being prosecuted. The plaintiffs further argued that a dismissal of Leslie Controls was inappropriate because it was the plaintiffs’ choice on how to proceed against a bankrupt defendant and that any dismissal before the bankruptcy court’s approval of Leslie Controls’ petition and plan for reorganization was premature. The plaintiffs expressly stated that they were not responding to the substantive merits of the defendants’ summary-judgment motions because to do so would violate the automatic stay.
On February 2, 3, and 4, 2011, the trial court entered orders granting the solvent defendants’ motions for a summary judgment. The trial court certified its summary judgments as final pursuant to Rule 54(b), Ala. R.App. P. On March 3, 2011, the plaintiffs moved the trial court to alter, amend, or vacate its orders. The plaintiffs stated that they had previously objected to the dismissal of Leslie Controls until the bankruptcy court had ruled upon its petition for bankruptcy and informed the trial court that the bankruptcy court had approved Leslie Controls’ petition in bankruptcy and its plan for reorganization and that Leslie Controls could now be properly dismissed from the case without prejudicing the plaintiffs’ claims against it. The plaintiffs asked the trial court to vacate its February 2011 orders and to enter a new order dismissing Leslie Controls and resetting the remaining defendants’ motions for a summary judgment. On March 5, 2011, the trial court entered an order denying the plaintiffs’ postjudgment motion. The plaintiffs appeal.

Standard of Review

 “ ‘ “This Court’s review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala.2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce ‘substantial evidence’ as to the existence of a genuine issue of material fact. Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); Ala.Code *981 1975, § 12-21-12. ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871 (Ala.1989).” ’ ”
Gooden v. City of Talladega, 966 So.2d 232, 235 (Ala.2007) (quoting Prince v. Poole, 935 So.2d 431, 442 (Ala.2006), quoting in turn Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala.2004)). To the extent that the plaintiffs have raised issues on appeal relating to the trial court’s refusal to stay the proceeding against the solvent defendants, that determination involves a question of law and will be reviewed de novo. Ex parte Graham, 702 So.2d 1215 (Ala.1997).

Discussion

The plaintiffs argue that the trial court’s order setting the defendants’ motions for a summary judgment for a hearing and requiring the plaintiffs to submit substantive responses to those motions violated the automatic-stay provision of the Bankruptcy Code. This argument is premised on the plaintiffs’ general contention that Leslie Controls’ filing for bankruptcy completely stayed all litigation in which Leslie Controls was involved, including litigation involving solvent codefen-dants.
The plaintiffs have not cited any provision of the Bankruptcy Code or any caselaw in support of this position. Section 362 of the Bankruptcy Code provides, in part:
“§ 362. Automatic Stay
“(a) Except as provided in subjection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
“(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title....”
11 U.S.C. § 362. Section 362 specifically states that the filing of a bankruptcy petition operates as a stay of the continuation of a judicial action against a debtor. Section 362 makes no references to a stay of judicial actions against the debtor’s solvent codefendants.
Beyond the plain language of § 362, courts have consistently held that the automatic-stay provision of § 362 does not act to stay proceedings against a debtor’s solvent codefendants.[8] In Snow v. Baldwin, 491 So.2d 900 (Ala.1986), L.C. Baldwin sold the Bidgood Stationery Corporation to Lamar Snow and George Reasonover. Subsequently, Baldwin and his wife sued Snow and Reasonover seeking damages for default on a promissory note executed as part of the sale of the corporation. Rea-sonover filed a petition in bankruptcy during the pendency of the action, and the action was stayed as to him. The Baldwins informed the trial court that they wished to sever Reasonover from the action and to proceed against only Snow. Although the trial court never entered a *982 formal order severing Reasonover, the action proceeded to trial solely against Snow. Citing Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324 (10th Cir.1984), this Court concluded that the automatic-stay provision of § 362 does not affect a party’s right to proceed against solvent codefen-dants. Snow, 491 So.2d at 902 n. 2.
In Fortier, the Fortiers sued a group of defendants following a dispute arising out of the sale of a shopping center. One of the defendants filed for bankruptcy, and all proceedings against that defendant were automatically stayed pursuant to § 362. The case proceeded to trial against the remaining defendants, and a verdict was returned in favor of the Fortiers. The defendants argued on appeal that the bankruptcy filing by the codefendant stayed the litigation against all the defendants and divested the district court of jurisdiction to hear the case. The United States Court of Appeals for the Tenth Circuit rejected that argument, stating:
“Peterson assumes that an automatic stay under 11 U.S.C. § 362 stays litigation as to co-defendants of the bankrupt. However, the Courts of Appeals have uniformly rejected such an interpretation of the automatic stay provisions of the Bankruptcy Act.
“The Bankruptcy Act provides in pertinent part:
“ ‘(a) [A] petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—
“ ‘(1) the commencement or continuation ... of a judicial ... proceeding against the debtor that was or could have been commenced before the commencement of the case under this title ... or to recover a claim against the debtor that arose before the commencement of the case under this title.... ’
“11 U.S.C. § 362. The language of the statute extends stay proceedings only to actions ‘against the debtor.’ There is nothing in the statute which purports to extend the stay to causes of action against solvent co-defendants of the debtor. See Williford v. Armstrong World Indus., Inc., 715 F.2d 124 (4th Cir.1983); Wedgeworth v. Fibreboard, 706 F.2d 541 (5th Cir.1983); Pitts v. Unarco Indus., Inc., 698 F.2d 313 (7th Cir.1983). The language of the statute reflects the legislative purposes behind the automatic stay. This is to permit the debtor to organize his or her affairs without creditor harassment and to allow orderly resolution of all claims.
“Congress has said:
“ ‘The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.’
“S. Rep. No. 989, 95th Cong., 2d Sess. 54-55 (1978), reprinted in 1978 U.S.Code Cong. & Admin. News 5787, 5840-41.
“‘The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debt- or’s property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debt- or’s assets prevents that.’
*983 “H.R.Rep. No. 595, 95th Cong., 1st Sess. 340, reprinted in part in 1978 U.S.Code Cong. & Ad. News 5787, 6297.
“It would make no sense to extend the automatic stay protections to solvent co-defendants. They don’t need it, and at the same time it would work a hardship on plaintiffs, by giving an unwarranted immunity from suit to solvent co-defendants. Extending the stay to protect solvent co-defendants would not advance either of the purposes underlying the automatic stay. Accordingly, we join the other circuit courts in concluding that 11 U.S.C. § 362 stays litigation only against the debtor, and affords no protection to solvent co-defendants. Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 126-27 (4th Cir.1983); Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 544 (5th Cir.1983); Austin v. Unarco Indus., Inc., 70[5] F.2d 1, 4-5 (1st Cir.1983); Pitts v. Unarco Indus., Inc., 698 F.2d 313 (7th Cir.1983); Lynch v. Johns-Manville Sales Corp., 710 F.2d 1194 (6th Cir.1983).
“Inasmuch then as the automatic stay as to Armstrong failed to extend to co-defendant Peterson, the trial court properly heard the claims against Peterson.”
Fortier, 747 F.2d at 1329-30. This holding has been consistently applied in the context of asbestos-related litigation. See Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 126-27 (4th Cir.1983); Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 544 (5th Cir.1983); Austin v. Unarco Indus., Inc., 705 F.2d 1, 4-5 (1st Cir.1983); Pitts v. Unarco Indus., Inc., 698 F.2d 313 (7th Cir.1983); and Lynch v. Johns-Manville Sales Corp., 710 F.2d 1194 (6th Cir.1983).
Accordingly, we conclude that Leslie Controls’ petition in bankruptcy did not automatically stay the litigation as to all remaining solvent defendants and that the trial court did not violate the automatic-stay provision of § 362 by moving forward with the summary-judgment hearing in this case.
The plaintiffs next argue that their wrongful-death action cannot be split into multiple actions. The plaintiffs argued to the trial court that it could not move the case forward as to the solvent defendants without violating the automatic-stay provision of § 362 unless it first severed or dismissed Leslie Controls from the action. However, the plaintiffs also argued that Leslie Controls could not be severed from the case because the wrongful-death action was an indivisible claim and a severance would result in two separate actions being prosecuted. Therefore, the plaintiffs insist, the bankruptcy of Leslie Controls must necessarily stay the wrongful-death action as to all remaining solvent defendants.
We first address the plaintiffs’ contention that the case as to Leslie Controls must first be severed and stayed or that Leslie Controls must be dismissed from the case before the case can proceed against the remaining solvent defendants. When a defendant files a petition in bankruptcy, an automatic stay goes into effect and abates any judicial proceeding against that party. See 11 U.S.C. § 362(a).
“The automatic stay is of broad scope, directing that ‘[a]ll judicial actions against a debtor seeking recovery on a claim that were or could have been brought before commencement of a bankruptcy case, are automatically stayed.’ Maritime [Elec. Co. v. United Jersey Bank ], 959 F.2d [1194,] at 1203, 1206 [ (3d Cir.1991) ] Thus, ‘[o]nce triggered by a debtor’s bankruptcy petition, the automatic stay suspends any non-bankruptcy court’s authority to continue judicial proceedings then pending against the debtor.’ Id. at 1206. Un *984 less relief from the stay is granted, the stay continues until the bankruptcy case is dismissed or closed, or discharge is granted or denied. 11 U.S.C. § 362(c). Once a stay is in effect, without relief from the bankruptcy court, ‘the parties themselves [can]not validly undertake any judicial action material to the ... claim against’ the debtor. Id. at 1207. This includes the filing of motions, which are void ab initio, unless the bankruptcy court later grants retroactive relief. Id. at 1207, n. 13.”
Constitution Bank v. Tubbs, 68 F.3d 685, 691-92 (3d Cir.1995) (footnote omitted).
When a bankruptcy petition has been filed, it is common practice for a non-bankruptcy court in which an action is pending against the debtor and others to sever the action as to the debtor and to proceed against the solvent codefendants. Here, the plaintiffs argue that the trial court could not move the case forward as it pertained to the solvent defendants without violating the automatic stay unless it first severed and stayed the action as to Leslie Controls or dismissed Leslie Controls from the action. The plaintiffs were seeking to prevent the trial court from moving forward with the defendants’ summary-judgment motions. As discussed above, § 362 stays only an action against Leslie Controls; it does not stay the action against the remaining solvent defendants. Although the plaintiffs’ argument that the trial court must first sever and stay the action against Leslie Controls or dismiss Leslie Controls from the action in order to avoid violating the automatic stay is in keeping with the spirit of § 362, this Court is not persuaded that the trial court is required to enter an order formally severing and staying the action as to Leslie Controls or dismissing Leslie Controls from the action. Again, the stay provision in § 362 was automatically triggered as to Leslie Controls at the time it filed its bankruptcy petition. It would seem that the trial court could simply proceed to a summary-judgment hearing as to the solvent codefendants while honoring the § 362 automatic stay against Leslie Controls. See Snow, supra, where the case proceeded to trial against the solvent code-fendant after the debtor had declared bankruptcy where the trial court did not enter a formal order severing the debtor from the case. See also Genna Contracting, Inc. v. Frank Robino Cos., (No. 091-08-082(JTV), Sept. 6, 2010) (Del.Sup.Ct. 2010) (not published in A.2d.).
Accordingly, we conclude that the trial court did not violate the automatic-stay provision of § 362 by letting the case proceed on the solvent defendants’ summary-judgment motions without first entering a formal order severing and staying the action as to Leslie Controls or dismissing Leslie Controls from the case.
We next address the plaintiffs’ contention that the trial court’s allowing the case to proceed on the solvent defendants’ motions for a summary judgment while the case was stayed as to Leslie Controls amounts to an impermissible splitting of this wrongful-death action. “ ‘[I]n Alabama there is but one cause of action for wrongful death, i.e., [Ala.] Code 1975, § 6-5-410.’ ” Sledge v. IC Corp., 47 So.3d 243, 247 (Ala.2010) (quoting Alabama Power Co. v. White, 377 So.2d 930, 933 (Ala.1979)). This Court has stated:
“It has also long been settled that the [wrongful-death statute] creates a single cause of action unknown to the common law and the personal representative is authorized to sue as an agent of legislative appointment for effecting the declared public policy of preventing homicides. Breed v. Atlanta B. & C.R. Co., 241 Ala. 640, 4 So.2d 315 [ (1941) ]; Also *985 it is settled that the suit under this statute may be prosecuted against joint tortfeasors whose wrongful act or negligence proximately causes the death; and they may be sued jointly or separately, but there being but a single cause of action, one recovery and satisfaction is a bar to further prosecution of any other suit on that cause of action. McCoy v. L. & N.R.R. Co., 146 Ala. 833, 40 So. 106 [ (1905) ].”
Tatum v. Schering Corp., 523 So.2d 1042, 1044 (Ala.1988) (quoting Bell v. Riley Bus Lines, 257 Ala. 120, 122-24, 57 So.2d 612, 613-15 (1952)) (emphasis added).
In Shepherd v. Maritime Overseas Corp., 614 So.2d 1048 (Ala.1993), a group of former seamen sued a number of defendants alleging that the seamen had suffered severe illness and/or death because of exposure to asbestos while working aboard ships owned by the defendants. The defendants moved to dismiss the complaints on the ground that the former seamen already had separate actions pending in Texas seeking compensation from certain manufacturers and distributors of asbestos products. The trial court dismissed the seamen’s complaints. The seamen argued on appeal that § 6-5-440, Ala.Code 1975, requires that an action be dismissed only if the plaintiff has a separate action pending against the same defendant or defendants in an Alabama court based on the same cause of action. In discussing the “splitting of causes of action” this Court stated:
“ ‘ “A rational rule deduced from the authorities ... would seem to be that, ‘Where one has received an injury at the hands of two or more persons acting in concert, or acting independently of each other, if their acts unite in causing a single injury, all of the wrongdoers are liable for damages occasioned by the injury.’ It is also manifest that this single injury, in itself or of itself, indivisibly constitutes an indivisible cause of action. This is true, notwithstanding the fact that the party injured could maintain separate suits on this cause of action against the tort-feasors at the same time, and could have sued them jointly, and the mere pendency of suit or judgment without satisfaction could not be set up in defense by either tort-feasor.
614 So.2d at 1050 (quoting Jones v. Russell, 206 Ala. 215, 218, 89 So. 660, 662-63 (1921)).
Because a wrongful-death action may be prosecuted against joint tortfeasors either jointly or separately, the trial court’s allowing the case to proceed against the solvent defendants while the action was stayed as to Leslie Controls pursuant to § 362 does not in itself amount to an impermissible splitting of the wrongful-death action in this case.
The plaintiffs next state that because the trial court proceeded with a hearing on the solvent defendants’ summary-judgment motions, the plaintiffs would possibly be faced with the application of the doctrine of res judicata or collateral estoppel to bar later litigation against Leslie Controls. Under Alabama law the doctrine of res judicata will preclude the relitigation of a claim that was, or could have been, adjudicated in a prior action when the following four elements are established: “ ‘ “(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions.” ’ ” Greene v. Jefferson County Comm’n, 13 So.3d 901, 910 (Ala.2008) (quoting Chapman Nursing Home, Inc. v. McDonald, 985 So.2d 914, 919 (Ala.2007), quoting in turn Equity Res. Mgmt., Inc. v. Vinson, 723 So.2d 634, 636 (Ala.1998)).
*986 The doctrine of res judicata would not apply to any subsequent litigation between the plaintiffs and Leslie Controls because there would not be substantial identity of the parties in any litigation between the plaintiffs and the solvent defendants and subsequent litigation between the plaintiffs and Leslie Controls. Although the solvent defendants and Leslie Controls are joint tortfeasors in this single cause of action for wrongful death, they are not identical parties to the litigation. “Substantial identity requires that ““parties be identical.’””’ Greene, 13 So.3d at 912 (quoting Stewart v. Brinley, 902 So.2d 1, 10 (Ala.2004), quoting in turn McMillian v. Johnson, 878 F.Supp. 1473, 1520 (M.D.Ala.1995)). However, ‘““[a]n exception is made to this requirement for parties in privity with a party to the prior action.” ’ ” Greene, 13 So.3d at 912 (quoting Stewart, 902 So.2d at 10, quoting in turn McMillian, 878 F.Supp. at 1520). “A party is deemed to be in privity with a party to a prior action when there is ‘ “ ‘an identity of interest in the subject matter of litigation.’ ” ’ ” Greene, 13 So.3d at 912 (quoting Stewart, 902 So.2d at 11, quoting in turn other cases). Neither is Leslie Controls in privity with the solvent defendants because there is no “identity of interest” in the litigation. The central inquiry in this wrongful-death action is whether there was sufficient evidence indicating that the plaintiffs’ decedents were exposed to any asbestos-containing products manufactured or supplied by each defendant. This exposure analysis is fact specific to each defendant and sufficient to negate any “identity of interest” between Leslie Controls and the solvent codefendants because it will be incumbent upon each defendant to establish that it was not the source of the asbestos exposure. Inherent in that task is the possibility of having to establish that another eodefendant was the source of the asbestos exposure. This necessarily puts the defendants’ interests as joint tortfeasors at odds with one another.
The doctrine of collateral es-toppel applies when the following elements are shown:
“ ‘(1) [A]n issue identical to the one litigated in the prior suit; (2) that the issue was actually litigated in the prior suit; (3) that resolution of the issue was necessary to the prior judgment; and (4) the same parties.’ ”
Bonner v. Lyons, Pipes & Cook, P.C., 26 So.3d 1115, 1121 (Ala.2009) (quoting Dairyland, Ins. Co. v. Jackson, 566 So.2d 723, 726 (Ala.1990)). Clearly, collateral es-toppel would not be a bar to any subsequent litigation involving the plaintiffs and Leslie Controls for the same reasons that res judicata would not bar any subsequent litigation, i.e., the parties are not the same. Additionally, because the exposure analysis is specific to each defendant, the issue whether the plaintiffs’ decedents were ever exposed to products manufactured by Leslie Controls would not have been “actually litigated” in determining the solvent defendants’ liability. Nor would consideration of the exposure, or lack of exposure, of the plaintiffs’ decedents to products manufactured by Leslie Controls be necessary for a judgment to be entered in the action against the solvent defendants.
The plaintiffs next contend that this Court has established precedent that a wrongful-death action is stayed in its entirety when one of the codefendants files a petition in bankruptcy. The plaintiffs point to an order of this Court issued in Diaz v. Bill Vann Co., supra, also a wrongful-death action involving multiple defendants, in which this Court stayed an appeal as to all defendants after one code-fendant filed a petition in bankruptcy and was granted an automatic stay. Significantly, there was no briefing by the parties *987 on the issue of a stay, and this Court did not issue an opinion on the issue of a stay in that case. The stay was ultimately lifted, and the trial court’s judgment was affirmed without an opinion. Accordingly, the Diaz “case” does not constitute authority for the plaintiffs’ position. See Rule 58(d), Ala. R.App. P.
Finally, the plaintiffs argue that in light of the automatic stay in place for Leslie Controls, the trial court should have resolved all questions of its authority to hold a hearing on the solvent defendants’ pending summary-judgment motions before holding the hearing. Based on the facts presented to this Court as set forth above, we conclude that the trial court had firmly rejected the plaintiffs’ contention that the case was stayed as to all defendants and had clearly informed the plaintiffs of its intention to move forward with summary-judgment proceedings as to the solvent defendants. Although the trial court had alluded that it would sever and stay the proceeding as to Leslie Controls or dismiss Leslie Controls from the action and in doing so would have been keeping with general practice, as discussed above, the trial court was not required to do so in order for the case to proceed as to the solvent defendants. Accordingly, the plaintiffs are not entitled to any relief as to this issue.
The trial court’s summary judgments for the solvent defendants are affirmed.
AFFIRMED.
MALONE, C.J., and WOODALL, MURDOCK, and MAIN, JJ, concur.

.‘‘[P]ersonal representatives of heirs-at-law" have the capacities of plaintiffs as averred in their complaint. We assume the reference is a reference to the personal representatives of their respective decedent estates.

. The plaintiffs are two of five personal representatives of five decedents who died after being diagnosed with mesothelioma or lung cancer.

. The plaintiffs joined the defendants pursuant to Rule 20(a), Ala. R. Civ. P.

. The plaintiffs in their motion to stay refer to these two cases only as appeals from Colbert County and St. Clair County without reference to case styles or case numbers. Because the motion was filed January 30, 2008, we assume that those appeals have been decided and that this matter is no longer an impediment to this case moving forward.

. Approximately 20 defendants filed for bankruptcy, some as early as 2004. However, only when Leslie Controls filed for bankruptcy did the plaintiffs contend that the case was stayed as to all defendants.

. We note that the decision in Diaz was an affirmance without an opinion issued pursuant to Rule 53, Ala. R.App. P. Rule 53(d) provides that such a no-opinion affirmance has no precedential value.

. On October 13, 2010, upon motion of the plaintiffs, the trial court rescheduled the hearing on the defendants' summary-judgment motions for November 4, 2010.

. An exception to the general rule that the automatic stay does not apply to solvent code-fendants has been recognized in certain "unusual circumstances” that are not present in this case. See A.H. Robins Co. v. Piccinin, 788 F.2d 994 (4th Cir.1986).