PARKER, Justice.
Shirley Spencer and Christy Gee petition this Court for a writ of mandamus directing the Greene Circuit Court to vacate its judgment granting the motion of K & K Excavating, LLC (“K & K”), to enforce a forum-selection clause and transferring the petitioners’ action against K & K to the Tuscaloosa Circuit Court.

Facts and Procedural History

On February 27, 2007, Spencer contracted with K & K for the installation of a septic system at the petitioners’ house in Eutaw. The petitioners separately contracted with S. Boyd, Inc. (“Boyd”), to conduct the excavation work necessary to install the septic system. It is undisputed that the work of installing the septic system was performed under a written agreement between Spencer and K&K (“the contract”). The contract included a forum-selection clause, which states that “[vjenue and jurisdiction shall strictly and only be in the courts of Tuscaloosa County, Alabama.”
Following the installation of the septic system, the petitioners allege, they “began experiencing problems and noticing defects, incomplete work, inadequate work and other problems with their septic system and land.” As a result, on July 30, 2008, the petitioners sued K&K and Boyd, along with several fictitiously named defendants, in the Greene Circuit Court, alleging breach of contract; breach of express warranty; breach of implied warranty of fitness, habitability, and merchantability; and negligence, under numerous theories. The petitioners filed an amended complaint on December 30, 2008, adding Richard Stephen Boyd, the owner of Boyd, as a defendant (Boyd and Richard Stephen Boyd are hereinafter referred to collectively as “the Boyd defendants”).
On October 17, 2008, K&K answered the petitioners’ complaint, asserting improper venue as a defense. Specifically, K & K argued that the forum-selection clause in the contract was applicable to the petitioners’ claims. On the same day, K&K also initiated the discovery process by submitting its first set of interrogatories and *715 request for the production of documents, including a request for the production of “[a]ny and all contracts and warranties [the petitioners] claim[ed] were breached by any defendant.” Extensive discovery ensued, including depositions taken by all parties and a motion to compel the petitioners to respond to K & K’s interrogatories and request for the production of documents. During the discovery process, K & K also subpoenaed nonparties.
On July 22, 2009, the Boyd defendants answered the petitioners’ amended complaint; the Boyd defendants made no argument concerning forum.
On November 4, 2010 — more than two years after K & K had filed its answer to the petitioners’ complaint, in which K & K invoked the forum-selection clause — K & K filed its motion entitled “motion to transfer venue or, in the alternative, motion to enforce forum selection clause” (“the transfer motion”).
On January 27, 2011, following numerous pretrial conferences, the Greene Circuit Court set the ease for a trial scheduled for April 4, 2011.
On February 15, 2011, the petitioners filed a response to the transfer motion arguing that K & K had waived its right to invoke the forum-selection clause as a result of K & K’s failure to timely file the transfer motion. The petitioners also argued that they would be prejudiced if their case was transferred out of the Greene Circuit Court because the case had already been set for trial and a transfer of the case would result in an unnecessary delay. The transfer motion was set for a hearing on March 23, 2011. On March 14, 2011, the parties filed a motion to continue the March 23, 2011, hearing on the transfer motion to allow the parties to attempt to mediate the case; this motion was also presented before the Greene Circuit Court on the day of the hearing. The parties also filed a motion to continue the April 4, 2011, trial. The trial court granted both motions on March 29, 2011.
When mediation of the case proved unsuccessful, the Greene Circuit Court ordered another pretrial conference to be held on August 25, 2011. On August 23, 2011, K <& K filed a reply brief in support of the transfer motion; the petitioners responded. At the August 25, 2011, pretrial conference, the Greene Circuit Court heard oral argument on the transfer motion. On August 31, 2011, the Boyd defendants filed a motion to join the transfer motion. On October 30, 2011, the Greene Circuit Court entered an order granting the transfer motion as to K & K and severing the petitioners’ claims against K & K from those asserted against the Boyd defendants; the Greene Circuit Court denied the transfer motion as to the Boyd defendants.
On November 17, 2011, Mr. Boyd filed a “suggestion of bankruptcy” in the Greene Circuit Court, which stated:
“COMES NOW the Defendant, Richard Stephen Boyd (‘Boyd’), and suggests the filing of a Petition for Relief pursuant to Chapter 13 in the United States Bankruptcy Court for the Northern District of Alabama. The Chapter 13 Petition was filed on or about September 9, 2011.... Boyd further suggests that this action has been stayed by operation of Title 11 U.S.C. § 362.”
On November 29, 2011, the Boyd defendants filed a motion to alter, amend, or vacate the Greene Circuit Court’s October 30, 2011, order, seeking to have the claims against them transferred to the Tuscaloosa Circuit Court as well. Before the Greene Circuit Court ruled on the Boyd defendants’ motion to alter, amend, or vacate, the petitioners petitioned this Court for a writ of mandamus directing the Greene *716 Circuit Court to vacate its judgment granting the transfer motion on December 12, 2011; the petitioners have not requested that the proceedings in the Greene Circuit Court be stayed.[1]
As a result of Mr. Boyd’s filing a petition for bankruptcy, the petitioners filed a motion to dismiss Mr. Boyd as a defendant, without prejudice, which the Greene Circuit Court granted on January 26, 2012. The petitioners also state in their reply brief that they “withdraw their [pjetition as to their claims against Mr. Boyd individually.” [2]

Standard of Review

“ ‘A writ of mandamus is a
“ ‘ “drastic and extraordinary writ, that will issue only where there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’
“Ex parte Wood, 852 So.2d 705, 708 (Ala.2002) (quoting Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993)).”
Ex parte Fuller, 955 So.2d 414, 415 (Ala.2006).

Discussion

Initially, Boyd argues that this Court lacks jurisdiction over the petition based on the automatic stay entered pursuant to 11 U.S.C. § 362 at the time Mr. Boyd filed his suggestion of bankruptcy on November 17, 2011. We disagree. The automatic stay entered in the Greene Circuit Court as a result of Mr. Boyd’s filing his suggestion of bankruptcy applied only to litigation against Mr. Boyd, not against his solvent codefendants. In Bradberry v. Carrier Corp., 86 So.3d 973 (Ala.2011), this Court, dealing with a similar situation, stated:
“The plaintiffs argue that the trial court’s order setting the defendants’ motions for a summary judgment for a hearing and requiring the plaintiffs to submit substantive responses to those motions violated the automatic-stay provision of the Bankruptcy Code. This argument is premised on the plaintiffs’ general contention that Leslie Controls’ filing for bankruptcy completely stayed all litigation in which Leslie Controls was involved, including litigation involving solvent codefendants.
“... Section 362 of the Bankruptcy Code provides, in part:
“ ‘§ 362. Automatic Stay
“‘(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this *717 title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
“ ‘(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.... ’
“11 U.S.C. § 862. Section 362 specifically states that the filing of a bankruptcy petition operates as a stay of the continuation of a judicial action against a debtor. Section 362 makes no references to a stay of judicial actions against the debtor’s solvent codefendants.
“Beyond the plain language of § 362, courts have consistently held that the automatic-stay provision of § 362 does not act to stay proceedings against a debtor’s solvent codefendants. In Snow v. Baldwin, 491 So.2d 900 (Ala.1986), L.C. Baldwin sold the Bidgood Stationery Corporation to Lamar Snow and George Reasonover. Subsequently, Baldwin and his wife sued Snow and Reasonover seeking damages for default on a promissory note executed as part of the sale of the corporation. Reasonover filed a petition in bankruptcy during the pendency of the action, and the action was stayed as to him. The Baldwins informed the trial court that they wished to sever Reasonover from the action and to proceed against only Snow. Although the trial court never entered a formal order severing Reasonover, the action proceeded to trial solely against Snow. Citing Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324 (10th Cir.1984), this Court concluded that the automatic-stay provision of § 362 does not affect a party’s right to proceed against solvent codefendants. Snow, 491 So.2d at 902 n. 2.”
Bradberry, 86 So.3d at 981-82 (footnote omitted).
It is well established that the automatic stay entered pursuant to § 362 pertained only to litigation against Mr. Boyd, not his solvent codefendants. Therefore, the petitioners’ filing of their petition with this Court was a nullity as to Mr. Boyd, but nothing divested this Court of jurisdiction over the petition as to the solvent parties, K & K and Boyd. Further, Mr. Boyd has since been dismissed as a party in the case below, and the petitioners have withdrawn their petition as to their claims against Mr. Boyd. Clearly, we have jurisdiction over the petition insofar as it concerns K & K and Boyd, Mr. Boyd’s solvent codefen-dants.
We now turn to the merits of the petition. The petitioners do not challenge the validity of the forum-selection clause. Instead, the petitioners argue only that K & K waived its right to enforce the forum-selection clause “by defending the lawsuit in Greene County for two years, through multiple pretrial conferences and completion of party discovery.” We agree.
It is a well established principle of Alabama law that “[p]arties are free to contract as they will, provided they contract within the law.” Perkins v. Skates, 220 Ala. 216, 218, 124 So. 514, 515 (1929). Forum-selection clauses are not against public policy in Alabama, and parties are free to contractually agree to a specified forum in which all litigation is to be litigated. See Brown v. Alabama Chem. Co., 207 Ala. 215, 216, 92 So. 260, 260-61 (1922)(recognizing the validity of forum-selection clauses). However, a party may waive its right to enforce a contractual *718 right in certain circumstances. Concerning waiver in the context of a forum-selection clause, this Court stated in Ex parte Textron, Inc., 67 So.3d 61, 66 (Ala.2011):
“Our research has not disclosed, and the parties have not cited, an Alabama case dealing with waiver in the context of a forum-selection clause. Regarding the waiver of rights under a contract generally, this Court has stated:
“ ‘The question of waiver, the voluntary surrender of a known right, is in the main a question of intention, and the authorities hold that, to be effectual, it must be manifested in some unequivocal manner; if not express, then by such language or conduct as to evince clearly the intention to surrender. Bennecke v. Insurance Co., 105 U.S. 355, 26 L.Ed. 990 [(1881)]; Balfour v. Parkinson (C.C.) 84 Fed. 855, 861 [(1898)]. Quoting Sanborn, J., in Rice v. Fidelity & Deposit Co., 103 Fed. 427, 435, 43 C.C.A. 270, 278 [(1900)]:
“ ‘ “To constitute a waiver, there must be an intention to relinquish the right, or there must be words or acts calculated to induce the other contracting party to believe, and which deceive him into the belief, that the holder of the right has abandoned it.”
“ ‘ “A waiver will not be implied from slight circumstances, but must be evidenced by an unequivocal and decisive act, clearly proved.” 29 Am. & Eng. Law, p. 1105.’
“Isom v. Johnson, 205 Ala. 157, 159-60, 87 So. 543, 545 (1920).”
Thus, in Textron, we made it clear that a party may waive its right to enforce a forum-selection clause, as it may with other contract provisions, by evincing an intention to do so. We note that no rigid rule exists for determining what constitutes a waiver of the right to enforce a forum-selection clause; the determination whether there has been a waiver must, instead, be based on the particular facts of each case.
Under the facts of this case, K & K’s substantial invocation of the litigation process in Greene County clearly evinced its intention to abandon its right to enforce the forum-selection clause in favor of the judicial process. Cf. Crews v. National Boat Owners Ass’n Marine Ins. Agency, Inc., 46 So.3d 933, 939 (Ala.2010) (holding that “ ‘a party may waive its right to arbitrate a dispute if it substantially invokes the litigation process’ ” (quoting Companion Life Ins. Co. v. Whitesell, 670 So.2d 897, 899 (Ala.1995))); In re ADM Investor Servs., Inc., 304 S.W.3d 371, 374 (Tex.2010)(analogizing a party’s waiver of its rights under arbitration agreement by the party’s substantial invocation of the litigation process to a party’s waiver of its rights under a forum-selection clause); Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer, 515 U.S. 528, 548 n. 7, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995) (recognizing that “[t]he only ground on which one might distinguish [arbitration and forum-selection] clauses is that another federal statute, the Federal Arbitration Act, makes arbitration clauses enforceable, whereas no analogous federal statute exists for forum selection clauses”); and Scherk v. Alberto-Culver Co., 417 U.S. 506, 519, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974)(“An agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute.”). *719 tioners’ complaint, K & K argued that the Greene Circuit Court was an improper forum based on the forum-selection clause in the contract. We can confidently conclude that, at the time K & K filed its answer, K & K knew that the petitioners were suing it under the contract based on K & K’s reliance upon the contract in its answer.[3] However, K & K did not file the transfer motion at that time. Instead, K & K substantially invoked the litigation process for 25 months after filing its answer by filing responsive pleadings, engaging in extensive discovery and pretrial conferences, and attempting to resolve the case through mediation. It was not until trial was inevitable that K & K invoked the forum-selection clause by filing the transfer motion. By this time, both the parties and the Greene Circuit Court had invested substantial time and resources in the action. K & K’s actions indicated its intention to abandon its contractual right to try the case in the Tuscaloosa Circuit Court.[4]

Conclusion

Under the circumstances presented, we conclude that K & K waived its contractual right to enforce the forum-selection clause based on K & K’s intention to abandon said right, evidenced by its substantial invocation of the litigation process. Therefore, we grant the petition and direct the trial court to vacate its order granting the transfer motion.
PETITION GRANTED; WRIT ISSUED.
MALONE, C.J., and WOODALL, STUART, BOLIN, MURDOCK, SHAW, MAIN, and WISE, JJ., concur.

. The filing of a petition for the writ of mandamus does not divest the trial court of jurisdiction or stay the case. State v. Webber, 892 So.2d 869, 871 (Ala.2004).

. Boyd filed a motion to strike the order attached to the petitioners' reply brief, arguing that the order dismissing Mr. Boyd from the case was not part of the record. Boyd has not cited any relevant authority to support its argument. Instead, Boyd relies upon authorities indicating that this Court cannot consider matters outside the record when considering a direct appeal. This case is distinguishable in that what is before us is a petition for a writ of mandamus; no record has been certified as final by the trial court.
We note that Boyd also filed a motion to strike one of the attachments to the petition, a document entitled "Alabama Unified Judicial System, Fiscal Year 2010 Annual Report & Statistics," on the basis that the report had not been submitted to the Greene Circuit Court for its consideration. We will not consider the report in our consideration of the petition.

. K & K argues that its delay in filing the transfer motion was the result of allegedly necessary discovery to determine if the petitioners were, in fact, relying upon the contract as the basis of their claims against K & K. This argument is disingenuous, because K & K relied upon the contract in answering the petitioners’ complaint. Further, nothing kept K & K from filing the transfer motion at the outset of the case based on the forum-selection clause in the contract. If the petitioners were not relying upon the contract (although K & K does not suggest any other contract that could have formed the basis of the petitioners' action), that fact would have been determined at that time by the Greene Circuit Court.

. The parties spend considerable time arguing that Ex parte Soprema, Inc., 949 So.2d 907 (Ala.2006), supports their respective positions. Soprema is distinguishable from this case, however, because in that case the party seeking to enforce the forum-selection clause filed a motion to dismiss based on improper venue early in the litigation process, and the trial court denied the motion because it determined that further discovery needed to be completed to determine if the forum-selection clause applied to the particular claims raised. Here, it is undisputed that the forum-selection clause applies to the petitioners' claims, and K & K waited to file the transfer motion until 29 months after the petitioners filed their complaint.