MURDOCK, Justice
(dissenting).
There are two issues in these appeals: (1) Does the dismissal of an action against a defendant protected by an automatic stay under 11 U.S.C. § 362 necessarily violate that stay? (2) When an action against one of several codefendants is stayed under 11 U.S.C. § 362, is that defendant deemed present in the litigation for purposes of the finality rule in Rule 54(b), Ala. R. Civ. P., requiring the adjudication of all claims against all defendants? I believe the answer to both questions is “no.”
As to the first issue, the main opinion concludes that “the trial court’s dismissal of SEPH’s claims against [Richard] Long[, one of the bankrupt defendants,] violated the bankruptcy stay.” 218 So.3d at 322. However, by its terms, the statute provides only that, the “commencement or continuation” of a judicial proceeding with regard to the debtor violates the automatic stay. 11 U.S.C. § 362(a)(1). There is a split in the federal circuit courts of appeal as to whether dismissals that are in favor of the debtor constitute a “continuation ... of a judicial ... proceeding” within the meaning of § 362(a)(1).
The main opinion cites the lead decision holding that such a dismissal does violate the automatic stay: Pope v. Manville Forest Products Corp., 778 F.2d 238, 239 (5th Cir.1985) (stating that “absent the bank *326 ruptcy court’s lift of the stay, or perhaps a stipulation of dismissal, a case such as the one before us must, as a general rule, simply languish on the court’s docket until final disposition of the bankruptcy proceeding”).[3]
The United States Courts of Appeals for the Eighth and Ninth Circuits have held the opposite, however. The Ninth Circuit has held that if “no statutory purpose [is] to be served by applying the automatic stay,” then a dismissal (in that case the dismissal of an appeal) does not violate the automatic stay. Independent Union of Flight Attendants v. Pan Am. World Airways, Inc., 966 F.2d 457, 459 (9th Cir. 1992). Cf. Dean v. Trans World Airlines, Inc., 72 F.3d 754, 755 (9th Cir.1995) (holding that a post-bankruptcy-petition dismissal will violate the automatic stay “where a decision to dismiss requires the court to first consider other issues presented by or related to the underlying case”). Similarly, the Eighth Circuit in Dennis v. A.H. Robins Co., 860 F.2d 871, 872 (8th Cir.1988), held that § 362(a) does not “preclude another court from dismissing a case on its docket or ... affect the handling of a case in a manner not inconsistent with the purpose of the automatic stay.”
I believe the view expressed by the Eighth and Ninth Circuits is the better reasoned approach in light of the wording of § 362. A dismissal of claims in favor of the debtor does not necessarily and in all cases constitute a “continuation of a judicial proceeding” against the debtor. To the contrary, it generally marks the end of the proceeding for the debtor. Further, such a dismissal generally comports with the purposes of the automatic stay, which is twofold: “(1) to give the debtor a ‘breathing spell’ from collection efforts and permit a repayment or reorganization plan, and (2) to provide creditors protection against other expeditors’ actions or collection attempts.” Wachter v. Lezdey, 34 Fed.App’x 699, 701 (Fed.Cir.2002) (not selected for publication in the Federal Reporter) (quoting Independent Union, 966 F.2d at 459). A dismissal of all claims against a debtor, as the trial court entered in this case as to Richard Long, means one less monetary concern for the debtor and the elimination of a competing creditor in the bankruptcy proceeding. Based on the facts presented in this case, the trial court’s dismissal of claims against Long in this case would not undermine the purposes of the automatic stay. I see no basis for treating the dismissal of the action against Long as a “continuation” of that action.
As to the second issue presented in this appeal, even if we deem the claims against Long to still be pending (under the reasoning that the trial court’s dismissal of claims against Long was void because it violated the automatic stay), I would still conclude that the trial court’s disposition of the remaining claims against the other defendants is a final judgment—for purposes of both execution and appeal.[4] The main opinion correctly notes that the automatic stay as to defendants in bankruptcy does not prevent a trial court from proceeding to adjudicate claims against solvent defendants. See, e.g., Ex parte Spencer, 111 So.3d 713, 717 (Ala.2012) (observing that “[i]t is well established that the automatic stay entered pursuant to § 362 pertained *327 only to litigation against Mr. Boyd [the bankrupt defendant], not his solvent code-fendants”). This is so because the statute itself “provides only for an automatic stay of any judicial proceeding ‘against the debtor.’ Section 362(a)(1).” Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 126 (4th Cir.1983). Furthermore,
“[i]t would make no sense to extend the automatic stay protections to solvent co-defendants. They don’t need it, and at the same time it would work a hardship on plaintiffs, by giving an unwarranted immunity from suit to solvent co-defendants. Extending the stay to protect solvent co-defendants would not advance either of the purposes underlying the automatic stay. Accordingly, we join the other circuit courts in concluding that 11 U.S.C. § 362 stays litigation only against the debtor, and affords no protection to solvent co-defendants.”
Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324, 1330 (10th Cir.1984).
This Court previously has observed that “[w]hen a bankruptcy petition has been filed, it is common practice for a non-bankruptcy court in which an action is pending against the debtor and others to sever the action as to the debtor and to proceed against the solvent codefendants.” Bradberry v. Carrier Corp., 86 So.3d 973, 984 (Ala.2011). A formal severance obviously eliminates any possibility of a nonfi-nal judgment because disposition of the claims against the solvent defendants is expressly separated from any disposition of claims against a bankrupt defendant. The Bradberry Court made it clear, however, that no formal severance is required in order for a trial court to proceed to final judgment on claims against solvent defendants.
In Bradberry, the plaintiffs, the personal representatives of the estates of Roland E. Bradberry and George D. Jones, filed on October 15, 2003, a wrongful-death action against multiple defendants based on the decedents’ exposure to asbestos in their work environment. On November 9, 2007, the defendants filed a motion for a summary judgment. “On July 15, 2010, one of the defendants, Leslie Controls, Inc., filed a notice of bankruptcy in the trial court indicating that on July 12, 2010, it had petitioned for bankruptcy ... and that the plaintiffs’ action against it had been automatically stayed pursuant to § 362 of the Bankruptcy Code.” 86 So.3d at 978. In a status conference on September 9, 2010, the plaintiffs contended that the case was stayed as to all defendants pursuant to the automatic-stay provision of § 362 because of the notice of bankruptcy by Leslie Controls.[5] The trial court disagreed with the plaintiffs’ contention, and it eventually proceeded on the summary-judgment motions filed by the solvent defendants. “On February 2, 3, and 4, 2011, the trial court entered orders granting the solvent defendants’ motions for a summary judgment. The trial court certified its summary judgments as final pursuant to Rule 54(b), Ala. R.App. P.” 86 So.3d at 980. On appeal, the plaintiffs contended in part that “the case as to Leslie Controls must first be severed and stayed or that Leslie Controls must be dismissed from the case before the case can proceed against the remaining solvent defendants.” 86 So.3d at 983. This Court soundly rejected the plaintiffs’ argument:
“As discussed above, § 362 stays only an action against Leslie Controls; it does not stay the action against the remaining solvent defendants. Although the *328 plaintiffs’ argument that the trial court must first sever and stay the action against Leslie Controls or dismiss Leslie Controls from the action in order to avoid violating the automatic stay is in keeping with the spirit of § 362, this Court is not persuaded that the trial court is required to enter an order formally severing and staying the action as to Leslie Controls or dismissing Leslie Controls from the action. Again, the stay provision in § 362 was automatically triggered as to Leslie Controls at the time it filed its bankruptcy petition. It would seem that the trial court could simply proceed to a summary-judgment hearing as to the solvent codefendants while honoring the § 362 automatic stay against Leslie Controls. See Snow [v. Baldwin, 491 So.2d 900 (Ala.1986)], where the case proceeded to trial against the solvent codefendant after the debtor had declared bankruptcy where the trial court did not enter a formal order severing the debtor from the case. See also Genna Contracting, Inc. v. Frank Robino Cos., (No. 091-08-082(JTV), Sept. 16, 2010) (Del.Sup.Ct. 2010) (not published in A.2d.).[6]
“Accordingly, we conclude that the trial court did not violate the automatic-stay provision of § 362 by letting the case proceed on the solvent defendants’ summary-judgment motions without first entering a formal order severing and staying the action as to Leslie Controls or dismissing Leslie Controls from the case.”
86 So.3d at 984 (emphasis added).
In short, in Bradberry, as in this case, the trial court did not sever the claims against the solvent defendants from the claims against the bankrupt defendants, and yet the trial court was empowered to adjudicate the claims against the solvent defendants to final judgment despite the automatic stay.[7] Ultimately, the trial court in Bradberry entered a Rule 54(b), Ala. R. Civ. P., certification, but this Court gave no indication that the Rule 54(b) certification was necessary for this Court to consider the trial court’s judgment final and appealable.
With respect to Rule 54(b), I find it significant that, in its discussion of the severance issue, the Bradberry Court cited Snow v. Baldwin, 491 So.2d 900 (Ala.1986). *329 In Snow, the sellers of a business to whom a promissory note had been executed brought an action on February 22, 1983, against two of the buyers of the business, Lamar Snow and Clyde Reasonover, who had assumed liability on the promissory note of the other buyers, after the business filed a bankruptcy petition, seeking damages for default on the promissory note. This Court explained the procedural history as follows:
“On January 28, 1985, the action against Reasonover was stayed pursuant to his filing of a petition under Chapter 7 of the Bankruptcy Act. Prior to trial on January 29, 1985, the Baldwins informed the trial court that they wished to sever Clyde Reasonover from the Action and proceed solely against Snow. Although the trial court never entered a formal order [of] severance against Rea-sonover,2 the case was tried before a jury against Snow alone, based on his alleged 49% liability under the promissory note and the breach of contract claim; the court also tried Snow’s, counterclaim of fraud in the inducement.
“ 2The automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, does not affect a party’s right to proceed against solvent codefendants. Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324 (10th Cir.1984).
. “We consider the disposition of defendant Snow to have been a disposition of all defendants for purposes of finality, of appeal. See Rule 5f(b), Ala..R. Civ. P.”
491 So.2d at 902 (emphasis added). The trial court in Snow- entered a judgment based on a jury verdict in,.favor of the plaintiffs in the , amount, of $72,110.88. Snow appealed the judgment to this Court.
The plain import of the above-emphasized language from Srmv is that this Court did not consider it necessary for the trial court either: (a) to sever the claims against Snow from the claims against Rea-sonover in order for the. trial court to render a final judgment .as to Snow; or (b) to enter a Rule 54(b) certification of its judgment based on the- jury verdict, in order to render the judgment appealable. As the Court’s Rule 54(b) reference in footnote 2 of the opinion makes clear, the Court considered Snow to be the only relevant defendant for purposes of finality of the judgment in light of the'fact that he was the only defendant upon whom the trial court could act due to the automatic stay of proceedings against Reasonover.[8] Moreover, given the Bradberry Court’s’citation of Snow in reference to the 'severance issue, it seems apparent that the Bradberry Court did not consider the trial court’s Rule 54(b) certification in that case to control the issúe whether the' trial court had issued a final judgméht with regard to the solvent defendants.
*330 This view is bolstered by a third decision of this Court that is even clearer to this effect. Garrigan v. Hinton Beef & Provision Co., 425 So.2d 1091 (Ala.1983), involved a situation in which, in consideration of the forbearance of a lawsuit on a debt owed by them to Hinton Beef and Provision Company, Inc. (“Hinton”), Tommy Garrigan, Diane Garrigan, and Jasper Steaks, Inc., signed a promissory note with Hinton on May 5, 1981. Hinton subsequently sued the Garrigans and Jasper Steaks, Inc., on December 23, 1981, to recover on the promissory note. Hinton moved for a summary judgment against all the defendants, which the trial court ultimately granted on March 18, 1982. This Court explained the subsequent procedural history as follows:
“Defendants moved to set aside the judgment on April 22, 1982. In a hearing on that motion it was for the first time brought to the trial court’s and [Hinton’s] attention that earlier, on February 8, 1982, the defendant, Jasper Steaks, Inc., had filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. [Hinton] conceded that, because the Bankruptcy Code restrains all creditors from the enforcement of an obligation while a case is pending and voids any judgments entered during the period, Jasper Steaks could not be reached by the March 18 judgment. Notwithstanding this result [Hinton] contended the judgment against Diane and Tommy Garri-gan was in no way affected. The trial court denied the motion to set aside the judgment and this appeal ensued.”
425 So.2d at 1092 (emphasis added). This Court then explained and addressed the main argument of the defendants on appeal:
“Defendants now contend that the order dated March 18, 1982, was ineffective to adjudicate the liability of Jasper Steaks, Inc., and therefore, that it is not a final order and is subject to revision and reconsideration under Rule 54(b), [Ala. R. Civ. PJ. We disagree with that contention and we conclude as did the trial court that Rule 51(b) is inapplicable under the stipulated facts, because there was in fact a final judgment entered as to all three defendants even though that judgment is unenforceable as to Jasper Steaks, Inc., at this time.”
425 So.2d at 1093 (emphasis added).[9]
As in Bradberry, Snow, and Garrigan, the trial court here was not required to sever the claims against the solvent defendants from the claims against Long in order to enter a final judgment against the solvent defendants. Moreover, as in Snow and Garrigan, a Rule 54(b) certification was not required to render the judgment appealable. Long was not legally present for purposes of issuing a judgment as to the other defendants because federal law rendered any judgment as to him void, so any ruling by the trial court as to Long truly should be treated as having no effect on the proceedings in the trial court against the remaining defendants.
I realize that the Court’s decision in McKiever v. King & Hatch, Inc., 366 So.2d 264 (Ala.1978), runs in the opposite direction. But Snow and Garrigan are more recent decisions. More importantly, the reasoning in Bradberry, Snow, and Garrigan more accurately assesses and applies the salient principles that the automatic stay of claims against a bankrupt defendant means that the litigation may *331 proceed to a final judgment against any other defendants and that the bankrupt defendant is not considered present for purposes of determining the finality of that judgment against the remaining defendants.
Finally, there are federal eases that support the conclusion reached above. In Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324 (10th Cir.1984), for example, the plaintiffs sued multiple defendants, one of whom, Armstrong, filed for bankruptcy shortly before trial. A significant legal dispute ensued as to the validity of a subsequent “purported” lifting of the automatic stay as to Armstrong. The United States Court of Appeals for the Tenth Circuit found it unnecessary to resolve that issue, concluding that “[ijnasmuch then as the automatic stay as to Armstrong failed to extend to co-defendant Peterson, the trial court properly heard the claims against Peterson.” 747 F.2d at 1330. The Court of Appeals then proceeded to entertain the appeal of the judgment against Peterson and to address the substantive issues raised by Peterson therein, despite the fact that there was no severance of claims by the district court and no certification of finality.
Similarly, in GATX Aircraft Corp. v. M/V Courtney Leigh, 768 F.2d 711, 716 (5th Cir.1985), after two of the defendants filed for bankruptcy, the plaintiffs obtained a summary judgment against the other defendants. On appeal, the other defendants argued that the trial court had lacked the authority to proceed against them because it had not severed the claims against the bankruptcy defendants. The United States Court of Appeals for the Fifth Circuit expressly rejected this argument because, “while the stay protects the debtor who has filed a bankruptcy petition, litigation can proceed against other codefendants.” 768 F.2d at 716.
Based on the foregoing, I disagree with the main opinion’s conclusion that “[t]he trial court’s judgment was not final because the trial court did not have jurisdiction to dismiss SEPH’s claims against Long.” 218 So.3d at 325. Therefore, I respectfully dissent.

. It is perhaps worth noting for purposes of this case that there was only one defendant in Pope, which is the reason the court stated that the case would "languish” until disposition of the bankruptcy proceeding.

. Finality for purposes of execution and appeal go hand in hand.

. In fact, "[a]pproximately 20 defendants filed for bankruptcy, some as early as 2004. However, only when Leslie Controls filed for bankruptcy.did the plaintiffs contend that the case was stayed as to all defendants.” Bradberry, 86 So.3d at 978 n. 5.

. In Genna Contracting, the court observed:
"I am not persuaded that a formal severance into two actions is truly necessary. It seems to me that the plaintiff could simply proceed with its claims against the remaining defendants while honoring the stay against Doveview within the same civil action. However, perhaps the plaintiff's approach will add some procedural clarity that may be helpful in some way."

. The appellants seem to argue in their briefs that Bradberry is distinguishable from this case merely because the plaintiffs in Bradber-ry requested a severance, even though none was granted. See appellants’ brief in appeal no. 1140578 (adopted by appellants in appeal no. 1140722), p. xiv ("Given the absence of a request for severance, those cases that allow an action to proceed against non-bankrupt co-defendants without a formal order of sever-anee should be deemed inapt.”). I am not sure why a party’s request would make any difference as to a trial court’s actual disposition of claims. In any event, the plaintiffs in Bradberry never formally requested a severance. In fact, in a motion filed September 17, 2010, the plaintiffs contended that "the trial court should not sever from an action a defendant whose ultimate status has not yet been determined by the bankruptcy court.” Bradberry, 86 So.3d at 979 (emphasis added). The Bradberry plaintiffs likewise noted in their appellate brief to this Court that in a hearing "the trial court suggested that the automatic stay could be resolved by entering a separate order severing and staying the case with respect to Leslie [Controls,]’’ but the plaintiffs responded that "severing Leslie [Controls] would not satisfy the automatic stay,” Appellants’ brief in Bradberry, pp. 1-2.

. The main opinion suggests that in Snow this Court "applied] Rule 54(b),” 218 So.3d at 324 n. 2, but it is a trial court that must enter a Rule 54(b) order, and, in the absence thereof, "any order. or other form of decision, however designated, which adjudicates fewer than all the claims or the 'rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties.” Rule 54(b), Ala. R. Civ. P. This Court considered the decision against Snow to be final and appealable despite the lack of a Rule 54(b) certification by the trial court and despite the lack of a. formal, severance of claims because, even ,if the jury had rendered a verdict against Reasonover, it would not have been effective, as Garrigan v. Hinton Beef & Provision Co., 425 So.2d 1091 (Ala. 1983), the next case discussed in the text infra demonstrates. The Snow Court’s citation of Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324 (10th Cir.1984), another case discussed in the text infra, further supports this reading of Snow, as there was no fprmal severance or Rule 54(b) certification ip Fqrtier either. See Snow, 491 So.2d at 902 n. 2.

. Because Garrigan explicitly states the principles that are also reflected in Snow and Bradberry, I cannot agree with the main opinion’s conclusion that Gamgan "appears to be an aberration.” 218 So.3d at 324 n. 2.